490 So.2d 303 (1986)
Angela Pintor MARTINEZ
v.
Richard REED and Patricia Reed.
No. CA-4772.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1986.
*304 Ellis B. Murov, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, Ruben J. Bailey, New Orleans Legal Assistance Corp., Marrero, Mark A. Moreau, New Orleans Legal Assistance Corp., New Orleans, for plaintiff/appellee.
Terence L. Hauver, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for defendants/appellants.
Before KLEES, LOBRANO and WARD, JJ.
WARD, Judge.
This appeal arises from a child custody dispute between Angela Martinez, a resident of Louisiana, and Richard and Patricia Reed, residents of Alabama, each claiming the right of custody of the son of Angela Martinez. From a Civil District Court judgment awarding custody of the child to Martinez, the Reeds bring this appeal. We affirm.
Martinez gave birth to her son on April 21, 1984 in Jefferson Parish, Louisiana. Two days later while Martinez was still hospitalized, the parties executed a notarial act, which was drafted by a Louisiana attorney for the Reeds and which purported to transfer custody of the child to the Reeds in anticipation of adoption. That same day the Reeds took physical custody of the child and returned to Alabama with him.
On October 19, 1984 Angela Martinez filed a Petition for Writ of Habeas Corpus in the 24th Judicial District Court for the Parish of Jefferson. Martinez sent notice of the habeas corpus hearing by certified mail to Mr. and Mrs. Reed, relying on La. R.S. 13:1704, a provision of the Uniform Child Custody Jurisdiction Act (UCCJA) which lists various methods of giving notice to those who claim custody rights. A certified copy of the petition and notice of a November 15 hearing were received by Richard and Patricia Reed on October 29 and 30, respectively. They, however, did not appear for the hearing. Nevertheless, at the hearing, the Court, sua sponte, ruled that proper venue lay in the Civil District Court for the Parish of Orleans and ordered the proceedings transferred to that court. Despite the transfer, Martinez filed another petition for habeas corpus in Civil District Court for Orleans Parish, and notice of that suit and hearing was sent by certified mail to Richard and Patricia Reed at their Alabama home. After he had already accepted the certified mail addressed to his wife, Richard Reed refused to accept the certified mail that was addressed to him.
In Civil District Court Patricia Reed filed a motion to dismiss for lack of personal jurisdiction, claiming a certified copy of the citation was not served on her as required by the Long Arm Statute, La.R.S. 13:3204. After a hearing, the Trial Judge ruled that the Court had personal jurisdiction over Richard and Patricia Reed pursuant to the UCCJA to determine custody of the child and that the Long Arm Statute was inapplicable. The Judge also denied various oral declinatory and dilatory exceptions as well as an objection of inconvenient forum. Thereafter, the matter proceeded to trial and the Reeds fully participated on the merits.
By written judgment issued on March 12, 1985, the Trial Judge held that Louisiana, not Alabama, was the home state under the UCCJA; that Louisiana courts had personal jurisdiction over the Reeds under the UCCJA; that the notarial act executed by the parties did not terminate Martinez's parental rights; and that the Reeds must return the child to Martinez.
After the Reeds filed a motion for appeal, they filed an exception of prescription in this Court, claiming for the first time a peremptory exception of prescription of six months for suits for custody of a child.
The issues raised by the Reeds on appeal are: (1) whether Martinez timely filed her suit and whether the UCCJA, La.R.S. 13:1702(A)(1), provides a prescriptive period; *305 (2) whether the Trial Court erred in holding it could exercise personal jurisdiction over the Reeds; and (3) whether the Trial Court erred in denying the Reed's declinatory and dilatory exceptions and objection to the inconvenient forum.
Considering first the exception of prescription filed in this Court, the statute which the Reeds contend contains a prescription provision barring Martinez's claim for custody of her child, states:
Section 1702. Jurisdiction
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
The Reeds filed a motion to dismiss based on an exception of prescription contending that the "home state" provision of La.R.S. 13:1702(A)(1) is "in the nature of a prescription" since it establishes a six-month period for filing custody actions. The Reeds argue that Martinez's habeas corpus proceeding filed in Jefferson Parish, a court of improper venue, prescribed before actual service of process was made on either Mr. or Mrs. Reed because they were served six to seven days after the six-month period elapsed. The Reeds rely on La.C.C. Art. 3462 to support their position. The article states in pertinent part: "... If an action is commenced ... in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."
We do not interpret La.R.S. 13:1702(A)(1) in the manner suggested by the Reeds. The Reeds cite no authority to support their contention that La.R.S. 13:1702(A)(1) is a prescriptive statute, and we believe it merely provides for assertion of subject matter jurisdiction by Louisiana courts over child custody proceedings. "Home state" jurisdiction is one of four bases for jurisdiction; La.R.S. 13:1702(A)(2), (3), and (4) are other bases. If we were to find, as the Reeds urge, that La.R.S. 13:1702(A)(1) is prescriptive and maintain their exception of prescription, then the other three bases of jurisdiction would be meaningless. The Reeds' contention leads to the erroneous conclusion that if the Martinez suit had not been filed within six months, the right to have this state adjudicate custody would have been barred despite the provision of three other bases of jurisdiction under Section 1702. We believe that to give meaning to all of the jurisdictional bases of Section 1702, the statute must be interpreted so that if suit is not filed within the six-month period of the home state jurisdictional basis, a petitioner can nonetheless bring an action in this state under one of the other bases of jurisdiction of 1702(A). Thus, we conclude *306 that Subsection (A)(1) of R.S. 13:1702 is a jurisdictional, rather than prescriptive, statute. See History and Source of Law, Acts 1978, No. 513, reprinted at La.R.S. 13:1700. Consequently, La.C.C. art. 3462 and other law pertaining to liberative prescription have no applicability to this statute.
Having decided La.R.S. 13:1702 is jurisdictional, we further find the Louisiana courts properly acquired subject matter jurisdiction as the "home state" to determine custody in this case. After a child has left this state, our courts may acquire "home state" jurisdiction, in the provision pertinent to this case, if "[t]his state ... had been the child's home state within six months before commencement of the proceeding.... [Emphasis added.]" The term "commencement of the proceeding" as used in the UCCJA means the date of filing rather the date of service of process on the defendants. Bodenheimer, Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction under the UCCJA, 14 Fam.L.Q. 203, 213 (1981). Louisiana Code of Civil Procedure Article 421 states the same rule: a civil action is commenced when a pleading presenting the demand is filed. Hence, the commencement of the proceeding under Section 1702 is determined by the date of filing rather than the date of service. Thus, when Martinez filed suit in Louisiana in the 24th Judicial District Court within six months from the date the Reeds removed her son from this state, we hold the proceedings were commenced within the meaning of the UCCJA.
As further support of our finding that the proceedings were commenced when Martinez filed her petition in Jefferson Parish, the Trial Court in Jefferson Parish ordered a transfer, not a dismissal, of the proceeding to Orleans Parish. Moreover, the Jefferson Parish suit was considered as if consolidated with the suit filed in Orleans Parishthey bore the same docket number, they were in the same court record and they were treated by the parties and the Civil District Court Judge as one and the same.
Turning now to the issue of personal jurisdiction, the Reeds argue that the Trial Court erred in finding that a Louisiana Court had personal jurisdiction over them. Hence, the Civil District Court could not order them to transfer custody of the child to Martinez. They argue inadequate compliance with La.R.S. 13:3204 because a certified copy of a citation was not included with the notice given by certified mail to either Patricia or Richard Reed and that the inadequate service precluded the exercise of personal jurisdiction. The Reeds further rely on Clay v. Clay, 389 So.2d 31 (La.1979) to support their position. In Clay, the plaintiff filed a quo warranto proceeding against a nonresident and attempted service of process through the Long Arm Statute. Our Supreme Court held that failure to include a citation precluded the court from exercising personal jurisdiction over the nonresident.
The Reed's reliance on the Long Arm Statute and on Clay is misplaced because there is no prerequisite of personal jurisdiction in a proceeding brought under the UCCJA.[1]
*307 The UCCJA, however, requires that notice must be given, or, at the very least, a good faith attempt made to notify those parties who assert custody rights. The UCCJA provisions governing notice and opportunity to be heard are found in La.R.S. 13:1703 and 1704. Section 1703 provides that:
Before making a decree under this Part, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child. If any of these persons is outside this state, notice and opportunity to be heard shall be given pursuant to Section 1704.
Section 1704 provides:
A. Notice required for the exercise of jurisdiction over a person outside this state shall be given a manner reasonably calculated to give actual notice, and may be:
(1) By personal delivery outside of this state in the manner prescribed for service of process within this state; or
(2) By registered or certified mail;

* * * * * *
D. Notice is not required if a person submits to the jurisdiction of the court. [Emphasis added.]
Consequently, the only question is whether notice was given in a manner "reasonably calculated to give actual notice" which would permit the Civil District Court to exercise jurisdiction over the Reeds. Notice by certified mail was received by Mr. Reed and Mrs. Reed and both had actual noticemore than sufficient to comply with Section 1704. We, therefore, have no doubt that there was notice and an opportunity to be heard, and that due process requirements were met.
Finally, the Reeds contend that the Trial Court erred by denying various oral declinatory and dilatory exceptions and an objection of an inconvenient forum. All pleadings, including exceptions, must be in writing. La.C.C.P. art. 852. The Reeds urged their objections orally without ever filing written pleadings. Moreover, any exceptions or objections to summary proceedings must be filed with the clerk of court prior to the hearing. La.C.C.P. arts. 253, 2593. The failure to file written pleadings waives objections to adverse rulings and also precludes appellate review.
Accordingly, the judgment of the Trial Court is in all respects affirmed. All costs in the Trial Court and on appeal to be paid by Richard and Patricia Reed.
AFFIRMED.
NOTES
[1] Any intent to require personal jurisdiction over the nonresident custodian or parent is expressly disclaimed in the Commissioners' note to UCCJA section 12. 9 U.L.A. Master Edition, Uniform Child Custody Jurisdiction Act, Section 12 Commissioners' note at 150. Although we recognize that there is some disagreement as to whether custody adjudication under the UCCJA comes within the "status exception" of Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), we feel the better view is that a Louisiana court may adjudicate custody under La.R.S. 13:1700 et seq. without acquiring personal jurisdiction over an absent party. Once the subject matter jurisdiction of the Louisiana court has been established, the resulting custody decree is binding if the absent party has been given notice and opportunity to be heard as provided by La.R.S. 13:1704. Accord, Boisvert v. Boisvert, 143 Vt. 445, 466 A.2d 1184 (1983); Hudson v. Hudson, 670 P.2d 287 (Wash.App. 2nd Div.1983); Goldfarb v. Goldfarb, 246 Ga. 24, 268 S.E.2d 648 (1980); McAtee v. McAtee, 323 S.E.2d 611 (W.Va.1984); In re Marriage of Leonard, 122 Cal.App.3d 443, 175 Cal.Rptr. 903 (1981), cert. denied, 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 433 (1983); In Re Marriage of Hudson, 434 N.E.2d 107 (Ind.App. 4th Dist.1982); McGough & Hughes, Chartered Territory: The Louisiana Experience with the Uniform Child Custody Jurisdiction Act, 44 La.L.Rev. 19 (1983); Bodenheimer, Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction under the UCCJA; 14 Fam.L.Q. 203 (1981); Bodenheimer & Neeley-Kvarme, Jurisdiction over Child Custody and Adoption after Shaffer and Kulko, 12 U.Cal.D.L. Rev. 229 (1979). Contra, Ex Parte Dean, 447 So.2d 733 (Ala.1984); Mayer v. Mayer, 91 Wis.2d 342, 283 N.W.2d 591 (1979); Ratner, Procedural Due Process and Jurisdiction to Adjudicate, 75 N.W.U.L.Rev. 363 (1980).