I must respectfully dissent from the majority's conclusion that the Juvenile Court lacked jurisdiction of this matter because it did not have personal jurisdiction of the father. I believe this finding frustrates the purpose behind the Uniform Child Custody Jurisdiction Act (UCCJA) enacted in Ohio as R.C. 3109.21 et seq. Although the issue appears to be a novel one in Ohio, other jurisdictions applying the Uniform Act have held that in personam
jurisdiction of the absent parent is not essential to the conduct of proceedings under the UCCJA.
A simple recapitulation of the facts reveals the essential ingredients for the UCCJA jurisdiction of the Juvenile Court below. Defendant-appellant is a professional football player who once played for the Pittsburgh Steelers. Pursuant to proceedings in the Juvenile Court of Allegheny County (Pittsburgh) Pennsylvania, he was established as the natural father of Erica Green and ordered to make support payments. In 1994, the unwed mother, Eva Lucas, moved with the child to Ohio and took up residence. On April 10, 1996, the mother filed a petition to adopt the Pennsylvania decree in the Juvenile Court of Cuyahoga County pursuant to the UCCJA, R.C. 3109.22(A). The Juvenile Court granted the petition and the mother moved to modify (i.e.,
increase) defendant's support obligations for changed circumstances under the adopted decree.
As recounted in the majority opinion, numerous and unsuccessful efforts were made to perfect service of process on defendant in Florida. Even so, the defendant had actual notice of the Ohio proceedings and retained local counsel to contest the proceedings. Said counsel repeatedly raised the issue of the Juvenile Court's lack of in personam jurisdiction by reason of unsuccessful service of process. The majority sustains that assignment of error and today's decision holds that the UCCJA has no application because the Juvenile Court did not obtain inpersonam jurisdiction over the defendant. I respectfully submit that in personam jurisdiction of the absent father was not required so long as he received actual notice of the proceedings, which he did — he attended and defended through his counsel.
"The purpose of the [Uniform Child Custody Jurisdiction] Act is to avoid jurisdictional competition and conflict with courts of other jurisdictions and to facilitate the speedy and efficacious resolution of custody matters so the child or children in question will not be caught in a judicial tug of war between different jurisdictions." In re Palmer (1984). 12 Ohio St.3d 194,196. The Act was apparently adopted by thirty-five states, including Ohio, soon after its promulgation. The cases interpreting the Act are legion which hold that in personam
jurisdiction of the absent parent is not a prerequisite to the exercise of jurisdiction in determining custody matters so long as the absent party has notice of the proceedings and an opportunity to contest them. See, e.g., McAtee v. McAtee (1984),174 W. Va. 129, 323 S.E.2d 611 ("The question presented in this case is whether a circuit court has jurisdiction to award custody of a child to one parent without personal jurisdiction over the other parent * * * our answer is yes"); Hart v. Hart (1984),74 N.C. App. 1, 327 S.E.2d 631 ("Personal jurisdiction over the nonresident parent is not a requirement under the UCCJA");Martinez v. Reed (1986), 490 So.2d 303, 1986 La.App. LEXIS 7030 ("* * * there is no prerequisite of personal jurisdiction in a proceeding brought under the UCCJA" and numerous cases cited therein at fn. 1).
It is true that UCCJA by itself does not provide jurisdiction by definition over financial matters, i.e., child support. For example, R.C. 3109.21(B) defines "parenting determination" as:
 [A] court decision and court orders and instructions that, in relation to the parents of a child, allocates parental rights and responsibilities for the care of the child, including any designation of visitation rights, and designates a residential parent and legal custodian of the child or that, in relation to any other person, provides for the custody of a child, including visitation rights. It does not include a decision relating to child support or any other monetary obligation of any person.
Finally, the opinion of the trial court in Schroeder v.Vigil-Escalera Perez (1995), 76 Ohio Misc.2d 25, 40 bears consideration in explaining the relationship between UCCJA and support obligations:
 Therefore it is clear that R.C. 3109.04, in conjunction with R.C. 2307.385, extends the long-arm jurisdiction to grant in personam jurisdiction in all divorce cases with children, where application of the UCCJA (R.C. 3109.22) indicates that custody jurisdiction is appropriate.
 There is no doubt that the commissioners of the UCCJA themselves recognized this jurisdiction:
 "There is no requirement for technical personal jurisdiction, on the traditional theory that custody determination, as distinguished from support actions * * * are proceedings affecting status." Comments following Section 12 of the UCCJA.
 It is also clear that the state of Ohio has a compelling interest to determine custody of all children within its jurisdiction to ensure that the child's needs, physically and financially, and its health, safety, and welfare, are being met. It is routine procedure that mothers come into the courts of Ohio, where they reside with their children, to seek a divorce and custody determination, although fathers may not have sufficient contact with Ohio to determine money issues. Certainly, the very presence of the child in Ohio, which meets the requirements of the UCCJA, makes the necessity of a custody order clear. Mothers can always seek child support through the Uniform Reciprocal Enforcement of Support Act ("URESA"), Family Support Act of 1988, Pub.L. No. 100-485, Section 126(d)(2) 102 Stat. 2354 (codified at Section 666, Title 42, U.S. Code [1991], and as adopted in Ohio, R.C. Chapter 3115).
See, also, Lewis v. Lewis (Mar. 18, 1997), Franklin App. No. 9GAPF07-868, unreported, which deals with modification of foreign support orders under R.C. Chap. 3115 and provides a helpful analysis of the current problem.
In conclusion, I disagree with the majority's conclusion that the Juvenile Court had no jurisdiction to enter any custody orders in this case for lack of in personam jurisdiction and therefore all its actions were a nullity. I would sustain the Juvenile Court's UCCJA jurisdiction and address the merits of the remaining issues.