MAXWELL, J.,
for the Court:
¶ 1. Delisa Miller challenges the enrollment in the Warren County Chancery Court of a child-visitation order obtained in Madison Parish, Louisiana, by her children’s father, Ryan Mills. Miller claims she was living in Mississippi at the time Ryan filed his petition for visitation and that the Louisiana court did not properly notify her of the hearing.
¶ 2. Child-visitation determinations, in both Louisiana and Mississippi, are governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA). Both the Warren County Chancery Court and the Louisiana court found Delisa was properly notified of the Louisiana proceeding. But neither court, in issuing or enforcing the Louisiana visitation order, addressed the UC-CJEA’s jurisdictional requirements.
¶ 3. Because the record does not support Louisiana being the children’s “home state” (or any other ground for UCCJEA jurisdiction), the Warren County Chancery Court erred by denying Delisa’s motion to contest registration. We reverse the chancery court’s judgment and render void the registration of Ryan’s custody order in Mississippi.
BACKGROUND
¶ 4. Delisa and Ryan began living together in Madison Parish, Louisiana, in 2005. They had two children together, a son born in July 2007 and a daughter born in September 2008. According to Delisa, she and the children moved to Vicksburg, Mississippi, on January 31, 2008. But Ryan’s child-custody petition alleges that Delisa and the children moved to Missis *1025 sippi in December 2008, when Ryan went to prison.[1]
¶ 5. After his release, on July 14, 2009, Ryan filed a petition in Madison Parish, Louisiana, to establish parentage, to obtain custody, and for visitation. In his petition, Ryan acknowledged Delisa was living in Mississippi. But he claimed Delisa was still “domiciled” in Madison Parish. On July 17, Ryan’s attorney via certified mail sent a copy of the petition to Delisa’s Mississippi address. Soon after, Ryan’s attorney received a phone call from Delisa, in which his attorney claimed Delisa told her, “This is not going to work.” On July 28, Delisa filed a petition for sole custody in the County Court of Warren County, which referred the matter to the Warren County Youth Court. The youth court dismissed Delisa’a petition on August 13, finding that Louisiana already had jurisdiction.
¶ 6. On August 3, the Louisiana court held a hearing on Ryan’s petition. Delisa did not appear at this hearing. Ryan submitted the receipt showing he sent Delisa a piece of certified mail to her Warren County address. But he had not requested a return receipt from the postal service. Ryan’s attorney testified about what Deli-sa had told her over the phone, implying Delisa meant Ryan’s Louisiana action was futile. Based on this evidence, the Louisiana court determined it had personal jurisdiction over Delisa under Louisiana Revised Statute Annotated section 13:3201 (2006). It entered a judgment granting Ryan temporary visitation. The visitation order recognized that the children were living in Mississippi and authorized Ryan to pick up and return them to Warren County.
■¶ 7. On August 6, Ryan filed in the Warren County Chancery Court a notice of registration of the Louisiana visitation order. On August 14, Delisa filed a motion contesting the registration. A week later, the chancery court held a hearing on Delisa’s motion, during which Delisa argued Ryan had not followed Louisiana statute for serving process out of state.
¶ 8. On October 23, the chancery court entered a final judgment denying Delisa’s motion. Delisa timely appealed.[2]
DISCUSSION
¶ 9. Both Louisiana and Mississippi have adopted the UCCJEA. La.Rev.Stat. Ann. §§ 13:1801 to 1842 (Supp.2011); Miss.Code Ann. §§ 93-27-101 to -402 (Rev.2004 & Supp.2010). The UCCJEA provides the exclusive jurisdictional basis for a state to make an initial child-custody determination. La.Rev.Stat. Ann. § 13:1813(A); Miss.Code Ann. § 93-27-201 (Supp.2010). “ ‘Child custody determination’ means a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order.” La.Rev.Stat. Ann. § 13:1802(3); Miss.Code Ann. § 93-27-102(c) (Rev.2004). “‘Child custody proceeding means a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear.” La.Rev.Stat. Ann. § 13:1802(4); Miss.Code Ann. § 93-27-102(d) (Rev.2004). Therefore, Ryan’s filing of a petition to establish parentage, custody, and visitation initiated a “child *1026 custody proceeding.” And the resulting temporary visitation order was a “child-custody determination” requiring UC-CJEA jurisdiction.
¶ 10. The UCCJEA imposes a duty on Mississippi courts to enforce Louisiana’s (or any other state’s) child-custody determination if Louisiana “exercised jurisdiction in substantial conformity with [the UCCJEA] or the determination was made under factual circumstances meeting the jurisdictional standards of [the UC-CJEA].” Miss.Code Ann. § 93-27-303(1) (Rev.2004); accord. La.Rev.Stat. Ann. § 13:1825(A).
¶ 11. Whether a court had jurisdiction under the UCCJEA to hear a child-custody dispute is a question of law, which we review de novo. Yeager v. Kittrell, 35 So.3d 1221, 1223 (¶¶ 12, 14) (Miss.Ct.App.2009).
¶ 12. Neither the Warren County Chancery Court nor the Louisiana court addressed the UCCJEA’s jurisdictional standards. UCCJEA jurisdiction requires not only providing sufficient notice to out-of-state parents but also, more important, that Louisiana was the children’s “home state.” La.Rev.Stat. Ann. §§ 13:1808(A), 13:1813(A)(1); Miss.Code Ann. §§ 93-27-108(1) (Rev.2004), 93-27-201(1). While the record supports a finding that Delisa was sufficiently notified, it does not support a finding that Louisiana was the children’s “home state” or that another basis for jurisdiction applied. Because we find Louisiana lacked jurisdiction to issue the visitation order, we reverse the chancery court’s judgment and render void the registration of the order.
I. UCCJEA Notice
¶ 13. The exercise of UCCJEA jurisdiction is dependent on giving “notice and an opportunity to be heard” to all interested persons, including parents and custodians. La.Rev.Stat. Ann. §§ 13:1808, 13:1817; Miss.Code Ann. §§ 93-27-108 (Rev.2004), 93-27-205 (Rev.2004). A parent can prevent the enforcement of a foreign custody order in Mississippi if she can show lack of “notice in accordance with UCCJEA standards.” Miss.Code Ann. § 93-27-305(4)(c) (Rev.2004); accord. La. Rev.Stat. Ann. § 13:1827(D)(3).
¶ 14. The Louisiana court proceeded to make a child-custody determination because it found it had “personal jurisdiction” over Delisa under Louisiana’s “long-arm” statute. La.Rev.Stat. Ann. § 13:3201. But compliance with the “long-arm” statute cannot confer UCCJEA jurisdiction. La.Rev.Stat. Ann. § 13:1813(B) (expressly stating the UCCJEA provides the exclusive jurisdictional basis over child-custody determinations); Miss.Code Ann. § 93-27-201(2) (same). See Rando v. Rando, 722 So.2d 1165, 1166 (La.Ct.App.1999) (contrasting child support, which requires jurisdiction over the person, with child custody, which requires jurisdiction over the status); Anderson v. Anderson, 718 So.2d 582, 585 (La.Ct.App.1998) (citing Martinez v. Reed, 490 So.2d 303, 306 (La.Ct.App.1986)) (applying UCCJEA predecessor and finding there is no prerequisite of personal jurisdiction in a UCCJA proceeding).
¶ 15. Instead, the UCCJEA provides:
A. Notice required for the exercise of jurisdiction when a person is outside this state may be given in a manner prescribed by the law of this state for service of process or by the law of the state in which the service is made. Notice shall be given in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective.
*1027 B. Proof of service may be made in the manner prescribed by the law of this state or by the law of the state in which the service is made.
C. Notice is not required for the exercise of jurisdiction with respect to a person who submits to the jurisdiction of the court.
La.Rev.Stat. Ann. section 13:1808 (emphasis added); accord. Miss.Code Ann. § 93-27-108.
¶ 16. Based on the plain language of this statute, while it is mandatory to provide notice to an out-of-state parent “in a manner reasonably calculated to give actual notice,” it is possible to provide such notice without complying with Louisiana’s “long-arm” statute. See Martinez, 490 So.2d at 307 (finding, because out-of-state parents actually notified, there was reasonably calculated notice despite claim of failure to comply with “long-arm” procedures). In other words, the UCCJEA recognizes that following the procedures in Louisiana Revised Statute Annotated sections 13:3204 (2006) and 13:3205 (Supp. 2011) gives reasonably calculated notice, which confers jurisdiction. But the procedures of sections 13:3204 and 13:3205 are not the exclusive method for providing notice in compliance with the UCCJEA.
¶ 17. Ryan failed to comply strictly with section 13:3205 because he did not file a return receipt with his proof of mailed service and did not wait thirty days before setting a hearing. La.Rev.Stat. Ann. § 13:3205(1). But, contrary to Deli-sa’s argument, strict compliance with sections 13:3204 and 3205 was not required. La.Rev.Stat. Ann. § 13:1808(B) (permitting — but not requiring — proof of service be made by complying with Louisiana’s law). Instead, the question is whether Ryan provided Delisa with notice reasonably calculated to provide her actual notice of the August 3 hearing. La.Rev.Stat. Ann. § 13:1808(A).
¶ 18. The record contains the following evidence concerning notice: (1) a copy of the certified mail receipt showing a piece of certified mail was sent to Delisa’s Vicksburg address on July 17, 2009; (2) the representations to the Louisiana court by Ryan’s attorney (a) that she mailed Delisa a copy of the petition and order for Delisa to appear on August 3 and (b) that Delisa called her and claimed the Louisiana action was “not going to work”; and (3) the fact Delisa filed a petition in Mississippi on July 23, 2009, requesting sole custody of the children. We find this evidence sufficient to support a finding that Delisa received actual notice of the Louisiana proceeding and was provided an opportunity to be heard before the Louisiana court. La.Rev.Stat. Ann. § 13:1808; accord. Miss.Code Ann. § 93-27-108.
II. UCCJEA Jurisdiction
¶ 19. If all that was required to exercise jurisdiction was notice to an out-of-state party, our inquiry would end there. But just as the Louisiana court’s finding that it had “personal jurisdiction” over Delisa was irrelevant to finding proper UCCJEA notice, it is also irrelevant to finding UC-CJEA jurisdiction.
¶ 20. Because Ryan’s petition to establish parentage, custody, and visitation was an “initial child custody determination,” Louisiana could only have jurisdiction if:
(1) [Louisiana] is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state....
(2) A court of another state does not have jurisdiction or a court of the home *1028 state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and
(a) The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
(b) Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships.
(3) All courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under R.S. 13:1819 or 1820; or
(4) No court of any other state would have jurisdiction under the criteria specified in Paragraph (1), (2), or (3) of this Subsection.
La.Rev.Stat. Ann. § 13:1813(A); accord. Miss.Code Ann. § 93-27-201(1). The UC-CJEA defines “home state” as “the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding.” La.Rev.Stat. Ann. § 13:1802(7)(a); Miss.Code Ann. § 93-27-102(g) (Rev. 2004).
¶ 21. Neither court made factual findings about the children’s home state. And there are conflicting assertions by Ryan and Delisa, both of which weigh against Louisiana having home-state jurisdiction. At the Warren County Chancery Court hearing, Delisa’s attorney claimed Delisa and the children moved to Mississippi on January 31, 2008. Ryan informed the Louisiana court that Delisa moved to Mississippi in December 2008. From these assertions and our review of the record, the evidence shows the children had lived in Mississippi for more than six consecutive months before Ryan commenced his July 14, 2009 child-custody proceeding. See Bridges v. Bridges, 910 So.2d 1156, 1159 (¶ 12) (Miss.Ct.App.2005) (finding mother and child’s residence in Arkansas for over six months gave Arkansas, and not Mississippi, jurisdiction). And there is nothing in the record supporting Louisiana’s exercise of jurisdiction based on another provision in section 13:1318(A)(2)-(4). Because of this, we hold the resulting temporary visitation order is unenforceable in Mississippi. See Harry v. Harry, 856 So.2d 748, 752 (¶ 15) (Miss.Ct.App.2003) (“Jurisdiction over the subject matter of a proceeding cannot be conferred by consent or waiver.”) (citing Marshall v. State, 662 So.2d 566, 576 (Miss.1995)).
¶ 22. The UCCJEA only mandates enforcement of Louisiana visitation orders if Louisiana “exercised jurisdiction in substantial conformity with [the UCCJEA] or the determination was made under factual circumstances meeting the jurisdictional standards of [the UCCJEA].” Miss.Code Ann. § 93-27-303(1); accord. La.Rev. Stat. Ann. § 13:1825(A). Similarly, the related federal Parental Kidnapping Protection Act (PKPA) only requires enforcement of another state’s child-custody order if it was “made consistently with the provisions of [the PKPA].” 28 U.S.C. § 1738A(a) (2006). And “[a] child custody or visitation determination made by a court of a State is consistent with the provisions of [the PKPA] only if—(1) such court has jurisdiction under the law of such State....” 28 U.S.C. § 1738A(c)(1) (2006).
¶ 23. We are mindful of the general rule that a “judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court’s inquiry discloses that those questions have *1029 been fully and fairly litigated and finally decided in the court which rendered the original judgment.” Durfee v. Duke, 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963) (applying United States Constitution article 4, section 1). Here, Louisiana made no finding that it was the children’s home state. And our review shows the Louisiana court failed to even address UC-CJEA jurisdiction, let alone “fully and fairly litigate[ ] and finally decide[ ]” if it had jurisdiction to issue an initial child-custody determination. Id.; cf. In re L.S., 226 P.3d 1227, 1234 (Colo.Ct.App.2009) (enforcing a Nebraska custody order based on Nebraska’s finding it had “home state” jurisdiction, even though that factual finding proved to be erroneous). Because the Louisiana court did not base its finding of jurisdiction on a ground allowed by the UCCJEA, we find the Louisiana order is not entitled to recognition under the Full Faith and Credit Clause.
CONCLUSION
¶ 24. The statutory mandate for Mississippi to enforce another state’s child-visitation order is based on the exercise of jurisdiction by that state under the UC-CJEA. The record does not support Louisiana’s exercise of jurisdiction under the UCCJEA. Because the resulting visitation order is unenforceable in Mississippi, we reverse the Warren County Chancery Court’s judgment denying Delisa’s motion to contest registration and render the resulting registration of the visitation order void.
¶ 25. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. MYERS, J., NOT PARTICIPATING.

. The record does not indicate the reason for Ryan's incarceration.

. Delisa did not appeal the youth court order dismissing her petition for custody.