STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0527

FORREST KEITH COCHRAN

VERSUS

KATHRINE SAWYER FOREMAN

**Judgment Rendered:** OCT. 0 8 2020

* * * * * * *

Appealed from the
Twentieth Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Suit Number 23235

Honorable William G. Carmichael, Presiding

* * * * * *

| | |
|---|---|
| Cy J. D'Aquila, Jr.<br>Heather Crabtree<br>New Roads, LA | Counsel for Plaintiff/Appellant<br>Forrest Keith Cochran |
| Charles E. Griffin, II<br>St. Francisville, LA | Counsel for Defendant/Appellee<br>Katherine Sawyer Foreman |

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, MCDONALD, HOLDRIDGE, AND
BURRIS[1], JJ.

Whipple, C.J., dissents & assigns reasons.
Holdridge, J. Concurs in the result.
McDonald, J. Dissents for the reasons assigned by Whipple, CJ.

---

[1] Honorable William J. Burris, retired, is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

**GUIDRY, J.**

Plaintiff/appellant, Forrest Keith Cochran, appeals from a judgment of the trial court denying his petition to annul. For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Forrest Keith Cochran and Kathrine Sawyer Foreman[2] were involved in a relationship, which resulted in the birth of L.C. on September 9, 2016, in Baton Rouge, Louisiana. Ms. Foreman is a native of Louisiana, while Mr. Cochran is a native of Mississippi. The parties resided together in Louisiana for some period, after which they maintained separate residences in Louisiana. Mr. Cochran's employer subsequently transferred him to Mississippi, effective October 1, 2016. Thereafter, Ms. Foreman frequently brought L.C. to visit Mr. Cochran at his parents' home in Mississippi, where he resided.

During a visit in Mississippi in April of 2017, the parties' relationship deteriorated, and Ms. Foreman retreated with L.C. to a friend's home in Texas, where she applied for a protective order from Mr. Cochran. Ms. Foreman and L.C. thereafter returned to Louisiana on June 1, 2017. Upon her return, the parties arranged for a weekend visit for L.C. with Mr. Cochran in Mississippi. Following this visit, Mr. Cochran asked Ms. Foreman if he could pick up L.C. in Louisiana and bring L.C. to Mississippi on Father's Day weekend for a visit. Ms. Foreman agreed, and on June 16, 2017, Mr. Cochran picked up L.C. from Ms. Foreman's home in Louisiana and brought L.C. to Mississippi. However, prior to picking up L.C. in Louisiana, Mr. Cochran filed an ex parte "Complaint for Emergency Custody" of L.C. in the Chancery Court of George County, Mississippi ("the Mississippi court").

---

[2] The defendant's name is also spelled as "Katherine Forman" in the record; however, because her signature bears the spelling "Kathrine Foreman," we will use the latter spelling in this opinion.

Following a hearing on June 19, 2017, the Mississippi court rendered a temporary order granting emergency custody to Mr. Cochran.

Thereafter, on June 27, 2017, Ms. Foreman filed a Petition for Custody, Visitation, and Support in the Twentieth Judicial District Court in West Feliciana Parish, Louisiana ("the Louisiana court") setting forth therein that: (1) L.C. resided with her in West Feliciana Parish; (2) Mr. Cochran failed to return L.C. after a Father's Day weekend visit in Mississippi; (3) the Mississippi court clearly lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), because Louisiana was L.C.'s home state; and (4) L.C. did not reside with Mr. Cochran in Mississippi prior to his filing for emergency custody as alleged.

A hearing on Ms. Foreman's petition was set for August 9, 2017, and service of the notice of the hearing was attempted on Mr. Cochran on July 3, 2017, at the address listed as his residence in his complaint for emergency custody. However, the notice was returned "unclaimed." Following a hearing on August 9, 2017, a judgment was signed on August 10, 2017, finding that the Louisiana court had exclusive jurisdiction under the UCCJEA and granting Ms. Foreman sole custody of L.C. Notice of the judgment was sent certified mail to Mr. Cochran on August 11, 2017, which was also returned by the postal service.

Thereafter, on September 1, 2017, Ms. Foreman filed a rule in the Louisiana court asking that Mr. Cochran be found in contempt for failing to comply with the Louisiana court's August 10, 2017 judgment. Additionally, Ms. Foreman requested that the Louisiana court declare its exclusive jurisdiction in this matter and order that Mr. Cochran produce L.C. to the court immediately. Notice of the rule for contempt was mailed to Mr. Cochran at his last known address. However, according to an affidavit filed with the Louisiana court on September 7, 2017, the notice had not been retrieved by Mr. Cochran from his local post office and was scheduled to be returned to sender. On September 7, 2017, the Louisiana court held a hearing on the

rule, where the jurisdictional issue was again considered in addition to the rule to hold Mr. Cochran in contempt of court. At the conclusion of the hearing, the Louisiana court signed a judgment, finding again that it is the home state under the UCCJEA and has exclusive jurisdiction over the matter, ordering Mr. Cochran to immediately return L.C. to Ms. Foreman as previously ordered, and finding Mr. Cochran in contempt of the August 10, 2017 judgment. The judgment further requested that the Chancery Court of George County, State of Mississippi decline to exercise jurisdiction in this matter, pursuant to the provisions of the UCCJEA.[3]

On September 11, 2017, identical temporary orders were issued by both the Louisiana and Mississippi courts reserving ruling on jurisdictional issues, contempt, and attorney's fees; ordering the parties to rotate visitation on a week to week basis; ordering each state to enforce its respective court orders; and ordering the parties to submit jurisdictional affidavits within two weeks of the order.[4]

Thereafter, on February 15, 2018, the Louisiana court issued an order, vacating the September 11, 2017 temporary order, ordering that the September 7, 2017 judgment, declaring Louisiana to have exclusive jurisdiction in this case under the UCCJEA, is a final judgment, and ordering that the Louisiana court has the exclusive and continuing jurisdiction pertaining to all matters of custody, support and well-being of L.C.

On May 10, 2018, Mr. Cochran filed a Petition to Annul Judgment in the Louisiana court, asserting that he was never personally or domiciliary served with the initial petition for custody, the judgment rendered on August 10, 2017, the rule for contempt, the judgment rendered on September 7, 2017, the temporary order rendered on September 11, 2017, or the order rendered on February 15, 2018. Mr.

---

[3] During this time, and thereafter, proceedings were held in both the Louisiana and Mississippi courts regarding the custody of L.C.

[4] According to the record, Mr. Cochran complied with the order issued by the Mississippi court, filing jurisdictional affidavits with that court.

4

Cochran further averred that the affidavits of service filed into the record of the Louisiana proceedings failed to strictly comply with Louisiana's long-arm statute regarding the time delay for a hearing on a contradictory motion pursuant to La. R.S. 13:3205. Finally, Mr. Cochran asserted that the August 10, 2017 judgment, the September 7, 2017 judgment, and the February 15, 2018, order were obtained by fraud and ill practices and in violation of his right to due process in accordance with Louisiana's State Constitution.

Following a hearing on the petition to annul, the trial court signed a judgment on January 22, 2019, denying the petition to annul the judgments at issue and dismissing said petition. Mr. Cochran now appeals from the trial court's judgment.

## DISCUSSION

A final judgment shall be annulled if it is rendered against a person who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken. La. C.C.P. art. 2002(A)(2).

Under the UCCJEA, notice to persons outside of the state is provided for in La. R.S. 13:1808, which provides, in pertinent part:

> A. Notice required for the exercise of jurisdiction when a person is outside this state may be given in a manner prescribed by the law of this state for service of process or by the law of the state in which the service is made. Notice shall be given in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective.
>
> B. Proof of service may be made in the manner prescribed by the law of this state or by the law of the state in which the service is made.

In Louisiana, the authority to exercise jurisdiction over a nonresident defendant is set forth in the Louisiana long-arm statute, codified as La. R.S. 13:3201, *et. seq.* Service of process upon a nonresident defendant must be effected pursuant to the long-arm statute. Specifically, La. R.S. 13:3204 sets forth the

mandatory manner in which service of process must be made under the long-arm statute, and provides, in pertinent part:

> A. In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial carrier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

The necessary proof of service and time delays under the long-arm statute are set forth in La. R.S. 13:3205, which provides:

> No preliminary default or final default judgment may be rendered against the defendant and *no hearing may be held* on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., *until thirty days after the filing in the record of the affidavit of the individual* who has done any of the following:

> (1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant.

> (2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier's confirmation of delivery.

> (3) Actually delivered the process to the defendant, showing the date, place and manner of delivery. [Emphasis added.]
> The provisions of La. R.S. 13:3205 are mandatory, and a judgment obtained

without strict compliance with La. R.S. 13:3205 is an absolute nullity. Downey v. Downey, 10-1853 (La. App. 1st Cir. 2/11/11), 2011 WL 2119753 *2 (unpublished opinion).

In the instant case, the record shows that notice of the August 9, 2017 hearing on Ms. Foreman's Petition for Custody, Support, and Ancillary Matters was mailed

to Mr. Cochran at his address in Mississippi via certified mail pursuant to the Louisiana long-arm statute on June 28, 2017. After service was attempted on July 3, 2017, the envelope was returned on August 3, 2017, marked "RETURN TO SENDER-UNCLAIMED." On August 7, 2017, Tammy Delatte, Ms. Foreman's counsel's secretary, filed an affidavit in the record attesting to these events, accompanied by copies of the certified mail and United States Postal Service tracking information. A hearing was held in the Louisiana court on Ms. Foreman's petition on August 9, 2017, at which neither Mr. Cochran nor his attorney were present, and a judgment in favor of Ms. Foreman was signed on August 10, 2017. Notice of this judgment was sent to Mr. Cochran via certified mail on August 11, 2017, which was returned on August 17, 2017, marked "RETURN TO SENDER-REFUSED-UNABLE TO FORWARD."

The record further demonstrates that notice of the September 7, 2017 hearing on Ms. Foreman's rule for contempt was sent to Mr. Cochran via certified mail on September 1, 2017, and notice was left at Mr. Cochran's residence because an authorized recipient was not available. The notice was thereafter made available at the post office for Mr. Cochran to retrieve, but as of September 6, 2017, Mr. Cochran had not retrieved it. On September 7, 2017, the day of the hearing, Ms. Delatte filed another affidavit into the record, accompanied by the United States Postal Service tracking information, attesting to these facts and further attesting that a copy of the rule and notice of hearing was also sent to Mr. Cochran via regular United States Mail on September 1, 2017. Neither Mr. Cochran nor his counsel were present at this hearing, and judgment was rendered in favor of Ms. Foreman.

Accordingly, based on the evidence in the record, Ms. Foreman elected to provide notice to Mr. Cochran of the Louisiana proceedings pursuant to the Louisiana long-arm statute. As such, she was required to strictly comply with those requirements. See Downey, 2011WL2119753 at *2 One of those requirements is

that no hearing can be held on a contradictory motion, rule to show cause, or other summary proceeding "until thirty days after the filing in the record of the affidavit of the individual" who effected service. La. R.S. 13:3205. It is clear from the record, however, that neither the affidavit submitted prior to the August 9, 2017 hearing nor the affidavit submitted prior to the September 7, 2017 hearing were submitted thirty days prior to those hearings.

Therefore, because Ms. Foreman failed to strictly comply with the mandatory requirements of La. R.S. 13:3205, the judgments resulting from those hearings are absolutely null, and the trial court erred in denying Mr. Cochran's petition to annul.[5] See Downey, 2011WL2119753 at *3.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand this matter for further proceedings. All costs of this appeal are assessed to Katherine Sawyer Foreman.

**REVERSED AND REMANDED.**

---

[5] We note that there is no evidence in the record that notice of the September 11, 2017 temporary order from the Louisiana court was served on Mr. Cochran. Furthermore, to the extent that this order makes the September 7, 2017 judgment final, which judgment was rendered pursuant to the September 7, 2017 hearing, we likewise find this order to be absolutely null.

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NUMBER 2019 CA 0527

## FORREST KEITH COCHRAN

### VERSUS

## KATHERINE SAWYER FOREMAN

**WHIPPLE, C.J., dissenting.**

I respectfully disagree with the majority opinion. Inasmuch as the defendant herein purposefully avoided service and ignored the pending Louisiana court proceedings, I am unable to find that due process requirements were violated.

Under the UCCJEA, notice to persons outside of the state is provided for in LSA-R.S. 13:1808. Based on the plain language of LSA-R.S. 13:1808, it is mandatory to provide notice to a nonresident parent "in a manner reasonably calculated to give actual notice," and further, such notice "**may** be given in a manner prescribed by the law of this state for service of process." Thus, while the UCCJEA recognizes that compliance with LSA-R.S. 13:3204 and 13:3205 (Louisiana's long-arm statute) gives reasonably calculated notice, such is not the exclusive method for providing notice in compliance with the UCCJEA.

There is no prerequisite of personal jurisdiction in a proceeding brought under the UCCJEA. The UCCJEA simply requires notice be given or, at the very least, a good faith attempt be made to notify those parties who assert custody rights. Martinez v. Reed, 490 So. 2d 303, 307 (La. App. 4th Cir. 1986). Once the notice requirements of the UCCJEA have been met, due process is satisfied.

Anderson v. Anderson, 98-1012 (La. App. 1st Cir. 8/26/98), 718 So. 2d 582, 585.[1]

See and compare Miller v. Mills, 64 So. 3d 1023, 1027 (Miss. Ct. App. 2011) (where the father (in Louisiana) failed to strictly comply with LSA-R.S. 13:3205 because he did not file a return receipt with his proof of mailed service to the mother (in Mississippi) and did not wait thirty days before setting a hearing, the court found that under the UCCJEA, strict compliance with LSA-R.S. 13:3204 and 13:3205 was not required. Instead, the relevant question was whether the father provided the mother with notice reasonably calculated to provide her with actual notice of the hearing. Miller v. Mills, 64 So. 3d at 1027.).

As the majority correctly notes, LSA-R.S. 13:3204 sets forth the manner in which service of process must be made, and LSA-R.S. 13:3205 sets forth hearing requirements for a preliminary and final default judgment. And while the majority does not dispute that service was properly made herein pursuant to LSA-R.S. 13:3204, they ultimately conclude that because the hearings were not held thirty days after the filing of the affidavits of service pursuant to LSA-R.S. 13:3205, the judgments resulting from those hearings are null.[2] I disagree.

---

[1] Both Martinez and Anderson applied the predecessor to the UCCJEA, the UCCJA (Uniform Child Custody Jurisdiction Act). The UCCJA was repealed, and the UCCJEA enacted by La. Acts 2006, No. 822, effective August 15, 2007.

[2] To the extent that the majority relies on Downey v. Downey, 2010-1853 (La. App. 1st Cir. 2/11/11)(unpublished), I find Downey distinguishable from the facts of the instant case and therefore unpersuasive herein. In Downey, Mrs. Downey filed a petition for divorce, custody, and child support in Louisiana. The service instructions provided that Mr. Downey, who resided in another state, was to be served via the long-arm statute. Although the record did not contain any information concerning service of the petition, Mr. Downey, through counsel, participated in the proceedings and filed a motion to continue on the basis that he had recently retained counsel and needed time to file his claims and conduct discovery. The trial court denied the motion to continue and conducted the hearing in his absence. Following the denial of Mr. Downey's motion for new trial, he appealed the merits of the judgment rendered therein. This court, sua sponte, raised the issue of long-arm service of a nonresident, Mr. Downey, pursuant to LSA-R.S. 13:3204 and 13:3205. On review, the court found that the record was devoid of an affidavit of service required by LSA-R.S. 13:3205 or any evidence that an affidavit of an individual who effected service of process in accordance with the long-arm statute, much less that such affidavit was filed at least thirty days before the hearing. Thus, finding no evidence in the record of service, the appellate court vacated the judgment and remanded for further proceedings. See Downey v. Downey, 2010-1853 at pp. 1-3.

In the instant case, service on Mr. Cochran was attempted and affidavits were filed in the record pursuant to LSA-R.S. 13:3204 and 13:3205. Moreover, in the instant case, Mr. Cochran purposefully avoided service and chose not to participate in the Louisiana proceedings.

2

Under LSA-R.S. 13:3204, all that is necessary to constitute service upon a nonresident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or deliver it in person. There is no requirement for a signed return receipt. See McFarland v. Dippel, 1999-0584 (La. App. 1st Cir. 3/31/00), 756 So. 2d 618, 622. The fact that a nonresident defendant refused to receive registered mail service, as effected by the long-arm statute, does not affect its validity. It is well settled that a litigant may not defeat service by simply refusing to accept a letter containing a citation. To allow a defendant to defeat service of process by refusing to claim a certified letter would make a mockery of LSA-R.S. 13:3204 and render it completely ineffective. McFarland v. Dippel, 756 So. 2d at 622.

As noted in the majority's opinion, the evidence of record shows that notice of the August 9, 2017 hearing was sent to Mr. Cochran and was returned "unclaimed," and that Mr. Cochran was notified that notice of the September 7, 2017 hearing was made available at the post office, but he refused to claim it. Moreover, at the hearing on his petition to annul, Mr. Cochran candidly admitted that he had "gotten something in the mail" about a hearing in the Louisiana, that he showed this to his lawyer, and that his lawyer advised that he did not have "to worry about that," since they had already filed pleadings in Mississippi. Mr. Cochran testified that he "followed his [lawyer's] advice and ignored it." Thus, by his own admission, he was made aware of, at least, one of the hearings in Louisiana yet made no attempt to accept notice, attend, or contact the court for more information, instead deciding to ignore it.

---

However, in Downey, despite any proof of service on Mr. Downey, after learning of the hearing, Mr. Downey retained counsel and chose to participate in the proceedings, but given the denial of his motion to continue, was deprived of the opportunity to do so.

3

Mr. Cochran's testimony that he was aware that proceedings were taking place in Louisiana completely undermines his claim on appeal that he had "lack of proper notice in the Louisiana proceedings." Considering Mr. Cochran's admitted refusal to accept service and utter failure to attend or participate in the Louisiana proceedings, his argument that judgment was rendered within thirty days of the filing of the affidavits cannot now serve to defeat proper service or affect the validity of long-arm service, so as to annul the judgments of the trial court. Where the notice requirements of the UCCJEA were met, and Mr. Cochran chose to ignore them, I would find that due process requirements were satisfied. See Anderson v. Anderson, 718 So. 2d at 585. Although the hearings were not held thirty days after the filing of the affidavits in the record pursuant to LSA-R.S. 13:3205, the service attempts herein were conducted "in a manner reasonably calculated to give actual notice" and, thus, were legally sufficient under the UCCJEA. See LSA-R.S. 13:1808.

As the trial court correctly noted, "[n]otice was attempted as required by the Uniform Child Custody [Enforcement] and Jurisdiction Act. [Mr. Cochran] ignored the notice. He may not now rely on his failure to act in this claim that the judgments should be annulled."

Finding no merit to Mr. Cochran's remaining assignments of error, I respectfully dissent and would affirm the judgment of the trial court.