910 So.2d 1156 (2005)
Alison Gaddis BRIDGES, Appellant,
v.
J. Paul BRIDGES, Appellee.
No. 2003-CA-02627-COA.
Court of Appeals of Mississippi.
March 29, 2005.
Robert M. Logan, Newton, attorney for appellant.
Joshua Cecil McCrory, Mark C. Baker, Brandon, attorneys for appellee.
Before BRIDGES, P.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Alison Gaddis Bridges appeals the decision of the Scott County Chancery Court finding her in contempt of an order issued July 3, 2003. The chancery court sentenced her to incarceration until she reimbursed her ex-husband, J. Paul Bridges, for his costs and expenses incurred in litigating the matter, to post a bond with the court in the amount of $5,000 to insure her future compliance with orders concerning the couple's minor children, to file the appropriate pleadings in any court which has assumed jurisdiction of the issue of child custody advising that court that her actions deprived Paul of twelve days of visitation, and to write a letter to her two minor children apologizing for her actions.
¶ 2. Alison appeals raising the following three issues:
I. WHETHER THE COURT HAD JURISDICTION OVER THE MATTER?
II. WHETHER APPELLANT WAS FOUND IN CONTEMPT OF THE ORDER OF ANOTHER COURT?

*1157 III. WHETHER APPELLANT WAS IN CONTEMPT OF THE ORDER?
¶ 3. Finding that the trial court lacked subject matter jurisdiction over the matter, we reverse and render the trial court's decision.

STATEMENT OF FACTS
¶ 4. In order to understand the nature of the issues presented on review, a brief explanation of the procedural history is required. Alison and Paul were married in Scott County, Mississippi on May 23, 1987, and were subsequently divorced in Natchitoches Parish, Louisiana on February 14, 2002. The Louisiana court in which Alison and Paul obtained their divorce never entered a permanent child custody order. Rather, the court entered a temporary child custody order which granted both Alison and Paul joint legal custody, Alison physical custody, and Paul liberal visitation rights. Alison subsequently moved to Bentonville, Arkansas and Paul returned to Forest, Scott County, Mississippi. The parties petitioned the Natchitoches Parish, Louisiana court for a final order regarding child custody, which the court denied, stating that the children had lived with Alison for over six months in Arkansas and the parties were no longer residing in Louisiana; therefore, the court was without jurisdiction over the matter of child custody. Alison then petitioned the Arkansas court to assume jurisdiction over the matter and issue a final order over the child custody dispute. Arkansas asserted jurisdiction over the matter and was enforcing the temporary child custody arrangement set forth by the Louisiana court until a final order was entered.
¶ 5. The temporary child support order from the Natchitoches Parish, Louisiana court, which was being enforced by the Arkansas court until a final order was issued, stated that Paul was to have custody of the children from June 6, 2002 through August 8, 2002. The order further provided for Alison to have custody of the children from July 3, 2002 through July 7, 2002. The parties were following this order during the summer of 2003 when on July 3, 2003, Paul filed a petition for a temporary restraining order and complaint for custody of children in the Chancery Court of Scott County, Mississippi. Paul sought a temporary restraining order to prevent Alison from removing the children from Mississippi, namely to Arkansas, during her period of visitation. The Scott County Chancery Court declined jurisdiction over determining permanent custody and made the determination that Arkansas had assumed jurisdiction over the matter. The Arkansas court's basis of jurisdiction under the Uniform Child Custody Jurisdiction Act was based upon the children having resided in Arkansas for a time period greater than six months. Rather than asserting jurisdiction over the matter, the chancellor asked Alison whether she had any plans to take the children to Arkansas during her visitation, to which "she laughingly replied `No.'" The Scott County Chancery Court, having found Paul to be a resident citizen of the state of Mississippi, and Alison to be a non-resident citizen of the state of Mississippi, entered an order stating that the parties were to follow the Louisiana judgments and orders governing child custody, which were being enforced by Arkansas.
¶ 6. Shortly after Alison and Paul left the hearing on July 3, 2003, Alison picked up the couple's children for the five day visitation period. Shortly thereafter, Alison telephoned Paul stating that she was in Arkansas and that she was not going to bring the children back to Mississippi. Paul was required to obtain legal counsel and was unable to obtain the childrens' *1158 return during the remainder of his visitation period. The Scott County Chancery Court entered an order sentencing Alison to incarceration until she reimbursed Paul for his costs and expenses incurred in litigating the matter, amounting to $4,500, posting a bond with the court in the amount of $5,000 to insure her future compliance with orders concerning the couple's minor children, filing the appropriate pleadings in any court which has assumed jurisdiction of the issue of child custody advising that court that her actions deprived Paul of twelve days of visitation, and writing a letter to the two children apologizing for her actions. Alison appeals this order essentially arguing that the order was void as the Scott County Chancery Court lacked jurisdiction.

LEGAL ANALYSIS

I. WHETHER THE COURT HAD JURISDICTION OVER THE MATTER?

STANDARD OF REVIEW
¶ 7. Whether a court has proper jurisdiction to hear a particular matter is a question of law, and this Court must therefore apply a de novo standard of review to this issue. Entergy Mississippi, Inc. v. Burdette Gin Co., 726 So.2d 1202, 1204-05 (¶ 5) (Miss.1998) (citations omitted).

DISCUSSION
¶ 8. Alison argues that the order entered by the Scott County Chancery Court was void for want of jurisdiction. Paul argues that jurisdiction was proper and that Alison, by failing to object to the court's potential lack of jurisdiction, has waived this issue for appeal.
¶ 9. In determining whether the Scott County Chancery Court possessed the requisite jurisdiction to issue an order in this matter, we must look to the statutory language of the Uniform Child Custody Jurisdiction Act (UCCJA) as currently codified by Mississippi Code Annotated §§ 93-27-101 through XX-XX-XXX (Rev.2004) and known as the Uniform Child Custody Jurisdiction and Enforcement Act. At the time this action arose, the UCCJA was codified as Mississippi Code Annotated §§ 93-23-1 through 93-23-47 (Rev.1994), so our analysis must look to the statutory language which was in place at the time this matter arose. Mississippi Code Annotated § 93-23-5, upon which the chancellor's order was based, read as follows:
§ 93-23-5. Jurisdiction.
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or
(c) The child is physically present in this state and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened *1159 with mistreatment or abuse or is otherwise neglected or dependent; or
(d) (i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child and (ii) it is in the best interest of the child that this court assume jurisdiction.
(2) Except under paragraphs (c) and (d) of subsection (1) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
¶ 10. The version of the UCCJA in effect at the time this case was decided by the Scott County Chancery Court, provided for a three part test in determining jurisdiction between two states. Stowers v. Humphrey, 576 So.2d 138, 140-41 (Miss. 1991). First, the court must determine whether it has jurisdiction under Mississippi law by following Mississippi Code Annotated § 93-23-5, outlined above. If the court possesses jurisdiction pursuant to Mississippi Code Annotated § 93-23-5, the court must then determine whether, based upon the factors set out in the UCCJA under Mississippi Code Annotated § 93-23-13, it is the most appropriate forum, or whether jurisdiction should be exercised by another state. Third, if the court determines that it is the most appropriate forum for the action, the court must determine whether another state order precludes exercise of jurisdiction. Hasse v. Shane, 717 So.2d 718, 719 (¶ 6) (Miss. 1998).
¶ 11. The case sub judice follows very closely a matter which was previously before this Court in which this Court analyzed the first step in the three part test outlined above. In the case of Peters v. Peters, 744 So.2d 803, 806-07 (¶ 10) (Miss. Ct.App.1999), this Court found that the chancery court lacked jurisdiction based upon the child and mother's residency in Virginia. This Court found that the child was not a resident of Mississippi and that the child possessed no connections to the state of Mississippi, other than his father's presence within the state. We further held that it was not in the child's best interest to assume jurisdiction as the state of Virginia had shown an interest in the welfare of the child and therefore jurisdiction should be denied a Mississippi chancery court. Id.
¶ 12. As in the Peters decision, in the present case the children have resided with Alison in Arkansas for a period greater than six months. Other than the presence of Paul and other family members in the state of Mississippi, the children have no connection to the state and an action for permanent child custody is pending in the state of Arkansas. At the time Paul filed his petition in the Scott County Chancery Court, the Arkansas court was following the temporary child custody order from Louisiana, until a permanent order was issued. As such, the Arkansas court has retained jurisdiction over the matter and has shown an interest in the welfare of the children. Further, the Mississippi Supreme Court has held that a chancellor is required to stay custody proceedings and communicate with the court of another state before assuming jurisdiction when the chancellor is apprised of a pending proceeding in the other state. Hobbs v. Hobbs, 508 So.2d 677, 680 (Miss.1987).
¶ 13. In light of the UCCJA which was in place at the time of the chancellor's *1160 ruling, as well as the prior decisions of this Court, it cannot be stated that the Scott County Chancery Court possessed the subject matter jurisdiction necessary to issue such an order. Therefore, we reverse and render the decision of the chancellor.
¶ 14. As we find that the trial court lacked jurisdiction and reverse and render on this issue, discussion of Alison's remaining two issues is not warranted.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF SCOTT COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.