LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On May 12, 2005, Keith and Dana Shadden were granted a divorce by the Superior Court of California, County of Kern. Dana was awarded physical custody of the couple’s two boys. Sometime after the divorce was granted, Keith moved to Wyoming. Dana moved to Mississippi in October 2006. On March 2, 2007, Keith filed a motion in the California court seeking custody of the two boys. On March 14, 2007, Dana was personally served with process to appear at a hearing in California on March 28, 2007.
 

 ¶ 2. While the custody determination was pending in California, Dana filed a petition on March 23, 2007, in the Rankin County Chancery Court seeking to confirm jurisdiction of the minor children in Rankin County. On March 28, 2007, the judge in California transferred custody of the two boys from Dana to Keith. Dana failed to appear at the hearing, to seek post-trial relief, or to appeal that decision.
 

 ¶ 3. On April 10, 2007, Keith filed an application in the Rankin County Chancery Court to register a foreign custody order pursuant to the Uniform Child Custody and Jurisdiction Enforcement Act. On April 11, 2007, Dana was notified that she had twenty days to contest the registration. On May 7, 2007, an order was entered confirming the registration of the foreign custody order and confirming judgment for enforcement. This order noted that Dana had failed to contest the registration.
 

 ¶ 4. On May 29, 2007, Keith filed a motion to dismiss Dana’s March 23, 2007, petition. Dana then filed a motion for relief from judgment, asking the Rankin County Chancery Court to set aside the custody modification order from California.
 

 ¶ 5. On June 8, 2007, the Rankin County Chancery Court entered a judgment dismissing Dana’s petition to confirm jurisdiction of the children and her petition for relief from the California judgment due to lack of jurisdiction. The chancellor then granted Keith’s motion to dismiss, which he had filed on May 29, 2007.
 

 ¶ 6. Dana subsequently filed a motion to reopen the record, for reconsideration, and for clarification. Keith also filed a motion requesting attorney’s fees. On September 11, 2007, the chancellor denied both motions. Dana now appeals to this Court arguing that the chancellor erred in finding that the Rankin County Chancery Court did not have jurisdiction over the matter. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 7. “Whether the chancery court had jurisdiction to hear a particular matter is a question of law, to which this Court must apply a de novo standard of review.”
 
 In re Guardianship of Z.J.,
 
 804 So.2d 1009,1011(¶ 9) (Miss.2002).
 

 
 *763
 
 DISCUSSION
 

 ¶ 8. In her only issue on appeal, Dana argues that the chancellor erred in finding that he did not have jurisdiction over the matter. The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Mississippi Code Annotated section 93-27-101 to -401 (Rev.2004), governs the ability of chancery courts to enforce or modify child custody judgments entered in another state.
 

 ¶ 9. Mississippi Code Annotated section 93-27-206(1) (Rev.2004) provides that:
 

 Except as otherwise provided in Section 93-27-204, a court of this state may not exercise its jurisdiction under this act if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 93-27-207.
 

 At the time of the commencement of the proceeding in Rankin County, Keith had already filed a petition in California to modify custody. Dana filed her petition in Rankin County to confirm jurisdiction only after being served with process in the California custody modification case. Although Dana contends that she mistakenly thought the hearing in California was telephonic, the notice of hearing clearly indicates that Dana was ordered to appear in person. We do not find that Dana’s misunderstanding in any way eliminates the need to establish proper jurisdiction in Rankin County.
 

 ¶ 10. Furthermore, the chancellor did not have the authority to modify the California court’s custody modification. Mississippi Code Annotated section 93-27-203 (Supp.2008) states:
 

 [A] court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under Section 93-27-201(l)(a) or (b); and:
 

 (a) The court of the other state determines it no longer has exclusive, continuing jurisdiction under Section 93-27-202 or that a court of this state would be a more convenient forum under Section 93-27-207; or
 

 (b) A court of this state or a court of the other state determines that neither the child, the child’s parents, nor any person acting as a parent presently does not reside in the other state.
 

 An “ ‘[ijnitial determination’ means the first child custody determination concerning a particular child.” Miss.Code Ann. § 93-27-102(h) (Rev.2004). Clearly, the initial determination of custody occurred in California. The California court retained jurisdiction and ruled on the custody modification. Nowhere in the record is there any indication that the California court determined that Mississippi would be a more convenient forum. Dana should have filed post-trial motions or an appeal regarding the California court’s decision to modify custody. We also note that Dana had the opportunity to object to the order confirming registration of the custody modification, but she failed to do so.
 

 ¶ 11. Finding that Keith’s motion in California was pending at the time Dana’s petition was filed in Mississippi and that the chancellor did not have jurisdiction to modify the custody change, we affirm the chancellor’s judgment that jurisdiction was not proper.
 

 ¶ 12. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS
 
 *764
 
 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.