CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Rhonda Yeager appeals the judgment of the Wayne County Chancery Court, which transferred child custody jurisdiction to Texas under the Uniform Child Custody and Jurisdiction Enforcement Act (UCCJEA) and denied her motion to reconsider the transfer of jurisdiction. Finding no error, we affirm the chancery court’s judgment.
 

 FACTS
 

 ¶ 2. Rhonda and David Kittrell were married in Mobile, Alabama on December 3, 1993. The couple had two children— Rheygan, who was born in January 1995, and Trevor, who was born in May 1996. Rhonda filed for divorce on February 15, 1996, in the Greene County Chancery Court and was awarded full legal and physical custody of the children, with David having limited visitation rights.
 

 ¶ 3. Over the next decade, the parties engaged in a tumultuous legal battle, filing numerous motions for contempt against the other and continuously sparring over visitation rights. On various occasions, Rhonda refused to abide by the visitation order, and David had to call the sheriff to pick up the children. On May 11, 1999, Rhonda received a thirty-day suspended jail sentence, which was conditional upon her future compliance with the visitation order. Additionally, in September 2000, Rhonda alleged that David had sexually abused Trevor. A hearing was held on October 28, 29, and 30, 2002, and the court found that no such abuse ever occurred.
 

 ¶ 4. According to his brief, David moved to Navarro County, Texas in January 2002. In September 2003, the parties agreed to move the case to Wayne County Chancery Court. The parties determined this was a more convenient forum since David lived in Texas and the children resided in Wayne County with Rhonda.
 

 ¶ 5. In May 2004, the Waynesboro Police Department and the Mississippi Department of Human Services removed Rhey-gan and Trevor from Rhonda’s custody upon learning that she had been using cocaine while the children were present in the home. In July 2004, the chancery court granted David temporary physical and legal custody of the children, and the children moved to Texas with David. After the trial held on August 4, 2005, the Wayne County Chancery Court determined that due to Rhonda’s erroneous allegations of sexual abuse of Trevor, her constant interference with David’s visitation rights, and Rhonda’s history of drug abuse, a material change in circumstances adversely affecting the best interests of the children had occurred, warranting modification of the custody agreement. The court awarded David permanent legal and physical custody. The final order granting David permanent custody was filed on December 19, 2005.
 

 ¶ 6. On June 8, 2006, Rhonda appealed the final order, but her appeal was dismissed by the Mississippi Supreme Court as untimely filed. Rhonda’s motion to reopen time for appeal was granted by the chancery court, and she filed a second notice of appeal in October 2006. The supreme court dismissed this appeal with prejudice, determining that the chancery court had erred in granting Rhonda’s motion to reopen time for appeal.
 

 ¶ 7. In February 2007, David filed a motion to transfer jurisdiction of the proceedings involving the children from Mis
 
 *1223
 
 sissippi to Texas. David alleges in his brief that a hearing was held on March 7, 2007, to consider the matter. He further alleges that on March 27, 2007, he filed a petition to establish jurisdiction in the District Court of Navarro County, Texas.
 
 [1]
 
 Rhonda did not file an objection to the petition.
 

 ¶ 8. In an order filed on August 6, 2007, the chancery court found Mississippi to be an inconvenient forum within the meaning of the UCCJEA,
 
 [2]
 
 specifically Mississippi Code Annotated section 93-27-207 (Rev. 2004), and thus relinquished jurisdiction to Texas. The court further noted that Rheygan and Trevor had resided in Texas for over sixteen months prior to the date of the order. Additionally, after conferring with the court in Texas, the chancery court agreed that Texas is a more convenient forum to assert jurisdiction over the proceedings involving the children.
 

 ¶ 9. On August 13, 2007, Rhonda filed a motion to reconsider the order releasing jurisdiction, claiming that the order violates the Parental Kidnapping Prevention Act of 1980 (PKPA) and that the UCCJEA is unconstitutional.
 

 ¶ 10. After a hearing on September 10, 2007, the District Court of Navarro County, Texas, entered an order establishing its jurisdiction over the children. In the order, the court modified David’s and Rhonda’s visitation rights, with David maintaining permanent physical and legal custody. Rhonda did not appear at the hearing. The district court also issued a writ of capias with pick-up order for Rhonda’s failure to appear and pay child support.
 

 ¶ 11. On April 22, 2008, a hearing was held in the Wayne County Chancery Court regarding Rhonda’s motion to reconsider the order releasing jurisdiction. The following summer of 2008, Rhonda proceeded to exercise her summer visitation in accordance with the visitation order issued by the Texas court. On October 21, 2008, the Wayne County Chancery Court denied her motion to reconsider. Rhonda appeals, arguing that the chancellor erred in granting the order releasing jurisdiction on the grounds that it was unlawful under the UCCJEA.
 

 STANDARD OF REVIEW
 

 ¶ 12. “Whether the chancery court had jurisdiction to hear a particular matter is a question of law, to which this Court must apply a de novo standard of review.”
 
 In re Guardianship of Z.J.,
 
 804 So.2d 1009, 1011(¶ 9) (Miss.2002).
 

 DISCUSSION
 

 ¶ 13. Rhonda argues that the order releasing jurisdiction is unlawful under the UCCJEA and the PKPA. Rhonda specifically asks this Court to determine whether the chancery court correctly applied the UCCJEA, assuming that the court even applied it at all, to herself and her parental rights, in a case where original jurisdiction in Mississippi was transferred to Texas despite her continued domicile in Mississippi. Rhonda submits that the chancellor failed to make findings of fact as to all of the factors in section 93-27-207(2) and, instead, ruled that the factors, when taken together, favor David.
 

 
 *1224
 
 ¶ 14. Jurisdiction over interstate custody disputes is governed by the UCCJEA and the PKPA. Deborah H. Bell, Bell on Mississippi Family Law § 18:09 at 454 (2005). The UCCJEA regulates the ability of chancery courts to enforce or modify child custody judgments entered in another state.
 
 Shadden v. Shadden,
 
 11 So.3d 761, 768(¶ 8) (Miss.Ct.App.2009).
 

 ¶ 15. The predecessor of the UCCJEA, the Uniform Child Custody Jurisdiction Act (UCCJA), was created to establish uniformity in state decisions and to limit forum shopping by custody litigants seeking to enforce or modify custody. Bell on Mississippi Family Law § 18:09. Some states were slow to adopt the UCCJA, which led Congress to pass the PKPA in 1980.
 
 Id.
 
 The PKPA contains requirements almost identical to the UCCJA.
 
 Id.
 
 Although the two Acts were created to ensure consistent results in interstate custody decisions, the differences between the Acts led to confusion.
 
 Id.
 
 The UCCJEA, promulgated in 2001 and subsequently adopted in Mississippi in 2004, was intended to bring the UCCJA into compliance with the PKPA.
 
 Id.
 

 ¶ 16. Under the UCCJEA, only one court may assert jurisdiction after an initial custody order has been entered.
 
 See
 
 Miss.Code Ann. § 93-27-201 (Supp.2009). A court issuing an initial determination has continuing jurisdiction over the parties; no other court may modify the decree.
 
 Id.
 
 However, even if only one party remains in the state, a second state may modify the order if the issuing court finds that neither the child, nor the child and one parent, have a significant connection with the state, and that substantial evidence is no longer available in the issuing state.
 
 See
 
 Miss.Code Ann. § 93-27-202(l)(a). Only the issuing state may make this determination. Additionally, a court with continuing jurisdiction may decline to modify custody if another court is a more appropriate forum.
 
 See
 
 Miss.Code Ann. §§ 93-27-203(a) (Supp.2009); 93-27-207.
 

 ¶ 17. The PKPA mandates that a state must give full faith and credit to “any custody determination or visitation determination made consistently with the provisions of this section by a court of another [s]tate.” The PKPA also directs that:
 

 A court of a [sjtate may modify a determination of the custody of the same child made by a court of another [sjtate, if-
 

 (1) it has jurisdiction to make such a child custody determination; and
 

 (2) the court of the other [sjtate no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.
 

 28 U.S.C. § 1738A(f) (2006).
 

 ¶ 18. In the present case, Mississippi had jurisdiction to make the initial child custody determination under section 93-27-201(l)(a) since, at the time of the initial determination, Mississippi was “the home state of the children on the date of the commencement of the proceeding.” However, section 93-27-207 provides that:
 

 (1) A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court’s own motion, or request of another court.
 

 (2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to sub
 
 *1225
 
 mit information and shall consider all relevant factors, including:
 

 (a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
 

 (b) The length of time the child has resided outside this state;
 

 (c) The distance between the court in this state and the court in the state that would assume jurisdiction;
 

 (d) The relative financial circumstances of the parties;
 

 (e) Any agreement of the parties as to which state should assume jurisdiction;
 

 (f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
 

 (g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
 

 (h) The familiarity of the court of each state with the facts and issues in the pending litigation.
 

 ¶ 19. In
 
 Stowers v. Humphrey,
 
 576 So.2d 138, 140 (Miss.1991), the chancellor held that although Mississippi made the initial determination of the child custody agreement at issue, Alabama had become the children’s “home state”; thus, Alabama was a more convenient forum. The chancellor found that: the children had a closer connection to Alabama; they had lived in the state for two and one-half years; and evidence concerning the effects of visitation with their father was more readily available in Alabama than in Mississippi.
 
 Id.
 
 at 142.
 

 ¶ 20. In
 
 Bridges v. Bridges,
 
 910 So.2d 1156, 1157(¶ 4) (Miss.Ct.App.2005), the parties lived in Louisiana at the time of the divorce, and a Louisiana court entered the original child custody determination at issue. Subsequently, the mother moved to Arkansas, and the father moved to Mississippi.
 
 Id.
 
 An Arkansas court proceeded to assert jurisdiction over the matter and enforced the temporary custody order set forth by the Louisiana court until a final order was entered.
 
 Id.
 
 When the mother refused to return the children during the father’s visitation period, the Scott County Chancery Court in Mississippi entered an order incarcerating the mother until she, among other things, reimbursed the father for his costs and expenses incurred in litigating the matter and insured future compliance with the visitation orders.
 
 Id.
 
 at 1158(¶ 6). On appeal, this Court noted that the children resided with their mother in Arkansas for a period greater than six months. Further, other than the presence of their father and other family members, the children had no connection to the State of Mississippi. Thus, this Court found that the Scott County Chancery Court did not have jurisdiction over the matter.
 
 Id.
 
 at 1159(¶ 12).
 

 ¶ 21. In the present case, the chancery court declined to exercise its continuing jurisdiction over Rheygan and Trevor based on the determination that Texas is a more convenient forum. Although the court states in its order transferring jurisdiction that Mississippi is an inconvenient forum under section 93-27-207, the transcript from the August 3, 2006, hearing is not part of the record, and we cannot review the chancellor’s application of the factors set forth in section 93-27-207(2). However, upon our own review of the facts in the present case and application of the factors in 93-27-207(2), substantial evidence in the record supports the chancellor’s finding that Texas is the most convenient forum to assert jurisdiction over the children.
 
 [3]
 

 
 *1226
 
 ¶ 22. In applying section 93-27-207(2)(a) to the present facts, the record before us reflects that the children suffered domestic violence while in Rhonda’s care. After the trial on August 4, 2005, the chancellor observed that due to Rhonda’s erroneous allegations of child abuse, Trevor suffered from “the child abuse of the child abuse allegation ... being examined, poked and prodded, questioned by experts in the field of child abuse.” The chancellor also stated that “Rhonda’s parenting skills led her to use cocaine and [have] illicit sex in the presence of the children.”
 

 ¶ 23. Section 93-27-207(2)(b) examines the length of time the children have resided- outside of Mississippi. The children have lived in Texas with David since 2004, only returning to Mississippi for court-ordered visitation.
 

 ¶24. Section 93-27-207(2)(c) considers the distance between the Wayne County Chancery Court in Mississippi and the District Court of Navarro County, Texas. Rhonda alleges that visitation is difficult because of the distance. However, the record reflects that David consistently drove the roughly eight-hour drive during his visitation weekends to see the children.
 

 ¶ 25. When considering section 93-27-207(2)(d), little evidence exists in the record as to the parties’ financial circumstances. In 2005, Rhonda told the chancery court that she was studying to be a cosmetologist.
 
 [4]
 
 In David’s brief, he submits that he is an electrician, and his wife is a teacher. No recent evidence as to the parties’ income appears in the records or briefs.
 

 ¶ 26. Regarding section 93-27-207(2)(e), no evidence appears in the record that the parties are in agreement on any aspect of the case, although David asserts that he submitted various orders regarding jurisdiction to Rhonda, to which she has not responded.
 

 ¶ 27. Section 93-27-207(2)(f) examines “[t]he nature and location of the evidence required to resolve the pending litigation, including testimony of the child.” Here, all of the current evidence relevant to the determination of custody matters is located in Texas; most importantly, the children themselves, but also their school and health records, are located in Texas.
 

 ¶ 28. Under 93-27-207(2)(g), both the Mississippi and Texas courts proved themselves able in deciding the issues at hand expeditiously. Finally, 93-27-207(2)(h), which examines familiarity of the court of each state with the facts and issues in the pending litigation, favors the court in Texas. Although the Wayne County Chancery Court is familiar with the facts and issues of the case, the Texas court possessed the current school and health records of the children.
 

 ¶ 29. After applying the UCCJEA and PKPA to the case at hand, we find that although the chancellor had continuing jurisdiction over the case, substantial evidence in the record supports his finding that Texas was a more convenient forum than Mississippi. Therefore, we find that the chancellor properly transferred jurisdiction to Texas under the UCCJEA and PKPA.
 

 ¶ 30. THE JUDGMENT OF THE WAYNE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 
 *1227
 
 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . The petition does not appear in the record. In her brief, Rhonda states that on March 7, 2007, she received notice of the hearing in the District Court of Navarro County regarding the transfer of jurisdiction. David asserts, however, that the hearing regarding transfer of jurisdiction was held on March 7, 2007, in Wayne County, Mississippi. A transcript of the hearing does not appear in the record.
 

 [2]
 

 . Codified at Mississippi Code Annotated sections 93-27-101 to -402 (Rev.2004).
 

 [3]
 

 . We note that Rhonda bore the responsibility of providing the transcript from the hearing
 
 *1226
 
 to be included in the record.
 
 See Oakwood Homes Corp. v. Randall,
 
 824 So.2d 1292, 1293(¶ 4) (Miss.2002) (citation omitted).
 

 [4]
 

 . Upon learning of Rhonda’s cocaine abuse, the Mississippi Board of Nursing revoked her nursing license.