FAIR, J.,
for the Court:
¶ 1. Dawn Clifton appeals a judgment transferring physical custody of her daughter to Thomas Shannon, her father. Because the chancellor failed to make findings of fact required for a proper determination of custody, we reverse and remand the chancery court’s judgment.
FACTS
¶ 2. Thomas and Dawn were divorced in DeSoto County, Mississippi, in 1999. Dawn was awarded custody of their daughter Ashley who was born on May 16, 1996. Both parents were given joint legal custody, and Thomas was awarded reasonable visitation.
¶ 3. Dawn moved to Colorado in December 2005, and shortly thereafter remarried. Thomas also remarried and remains in DeSoto County. In 2006, Thomas’s visitation schedule was modified by agreement, as it was impractical due to the travel distance between the parties. Thomas filed a petition for contempt and modification of custody in 2010, and Ashley joined in the petition. He claimed that a material change in circumstances adversely affecting the child had occurred. Dawn objected to the chancery court’s jurisdiction.
¶ 4. Because Ashley’s school year would begin in August, an emergency hearing was held in July to address the issue of temporary custody. Meeting with the chancellor in camera, Ashley described her experiences in the homes of both parents and expressed her preference to reside in her father’s home in Mississippi. The chancellor, retaining jurisdiction over is *72 sues of custody, awarded Thomas temporary custody in August. Five months later, the chancellor entered a judgment awarding “primary physical custody” to Thomas, determining that it was “in the best interest of the minor child.... ” The decision to modify custody was based in major part on Ashley’s testimony and expressed preference to reside with her father. The chancellor noted Ashley’s participation in extra-curricular activities in Mississippi, church involvement in Mississippi, and the fact that she “is well-adjusted with her step-mother and step-sister” in Mississippi. The chancellor also explained that Ashley “does not desire to reside with her [mother] and feels more comfortable living with her father, as opposed to her mother, her mother’s current husband, and her mother’s new child.”
¶ 5. Dawn now appeals questioning the court’s jurisdiction, asserting that the evidence was insufficient to support a modification of custody, and seeking attorney’s fees for this appeal. We affirm the chancery court’s jurisdiction and find an award of attorneys fees unsupported. However, finding that the chancellor failed to make findings of fact and conclusions of law as required in a custody modification case by the Supreme Court of Mississippi, we reverse and remand for further proceedings and compliance with the mandates of the supreme court.
DISCUSSION
1. Jurisdiction
¶ 6. Dawn argues that because the chancery court did not have continuing exclusive jurisdiction, Thomas’s petition should have been dismissed. She cites the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), codified in Mississippi Code Annotated sections 93-27-101 to 402 (Rev.2004 & Supp.2010), to support her argument that jurisdiction should have been in Colorado. She claims that because Colorado has been Ashley’s home for four and a half years, there are no significant connections to Mississippi that warrant the exercise of jurisdiction over the custody-modification matter.
¶ 7. “Whether a court had jurisdiction under the UCCJEA to hear a child-custody dispute is a question of law, which we review de novo.” Miller v. Mills, 64 So.3d 1023, 1026 (¶ 11) (Miss.Ct.App.2011) (citing Yeager v. Kittrell, 35 So.3d 1221, 1223 (¶¶ 12, 14) (Miss.Ct.App.2009)). However, the factual findings underpinning the jurisdiction question are reviewed under the familiar substantial evidence and abuse of discretion standard. See White v. White, 26 So.3d 342, 346-48 (¶¶ 10, 14) (Miss.2010).
¶ 8. In Yeager, this Court stated “[a] court issuing an initial determination has continuing jurisdiction over the parties; no other court may modify the decree.” Yeager, 35 So.3d at 1224 (¶ 16) (citing Miss.Code Ann. § 93-27-201 (Supp.2009)).
However, even if only one party remains in the state, a second state may modify the order if the issuing court finds that neither the child, nor the child and one pai'ent, have a significant connection with the state, and that substantial evidence is no longer available in the issuing state. Only the issuing state may make this determination.
Id. (internal citation omitted).
¶ 9. There was sufficient evidence that Ashley still maintained a significant connection to Mississippi because her father and extended family reside here. In a recent opinion addressing a chancery court’s jurisdiction over a proceeding for modification of custody, the Mississippi Supreme Court held that since the father had continuously resided in Mississippi:
*73 [I]t was within the chancellor’s discretion to determine that both the child and [the father] had a “significant connection with this state.” Therefore, the chancery court properly has retained continuous, exclusive jurisdiction over [the] matter....
White v. White, 26 So.3d 342, 347-48 (¶ 14) (Miss.2010).
¶ 10. The DeSoto County Chancery Court was the court of original jurisdiction. Nothing in the record suggests that the chancellor erred in retaining jurisdiction. In fact, the Colorado court, where Dawn filed another custody action, had declined jurisdiction on the emergency relief that was requested and did not assume jurisdiction.
¶ 11. Dawn further contends that Mississippi is an inconvenient forum, as “the overwhelming abundance of substantial evidence and witnesses” with regard to the child’s home life are located in Colorado. She cites Mississippi Code Annotated section 93-27-207, which states in pertinent part:
(1) A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court’s own motion, or request of another court.
(2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
(a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
(b) The length of time the child has resided outside this state;
(c) The distance between the court in this state and the court in the state that would assume jurisdiction;
(d) The relative financial circumstances of the parties;
(e) Any agreement of the parties as to which state should assume jurisdiction;
(f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
(h) The familiarity of the court of each state with the facts and issues in the pending litigation.
(Emphasis added.)
¶ 12. While Colorado may have been a more convenient forum for Dawn, the chancery court is endowed with the discretion to make that decision. Prior custody proceedings were conducted in Mississippi, and Ashley spent several weeks in Mississippi during the year visiting her father and family. We find that Mississippi was an appropriate forum and that the chancery court properly retained exclusive jurisdiction.
2. Custody Modification
¶ 13. To order a change in custody, the chancellor was first required to find a material change of circumstances and then to undertake an Albright analysis to determine the child’s best interests. McDonald v. McDonald, 39 So.3d 868, 880 *74 (¶ 37) (Miss.2010); Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). The chancellor failed to follow this controlling authority, as she did not make specific findings of fact regarding a material change in circumstances or the Albright factors.
¶ 14. In Estate of Langston v. Williams, 57 So.3d 618, 622 (¶ 17) (Miss.2011), the supreme court held that when a chancellor applies an incorrect legal standard, an appellate court must remand rather than render. The error here is essentially a failure to apply the correct legal standard and to do so of record. See, e.g., Johnson v. Johnson, 823 So.2d 1156, 1160 (¶ 9) (Miss.2002); Sandlin v. Sandlin, 699 So.2d 1198, 1204 (Miss.1997) (“[T]he failure to make findings of fact and conclusions of law ... requir[es] reversal and remand.”)
¶ 15. The two separate opinions written in this matter discuss the evidence that may have been considered by the chancellor in making her decision to remove Ashley from her mother’s custody and award custody to her father. Both opinions contain more discussion of the weight and sufficiency of evidence and factual conclusions than is contained in the record before us.
¶ 16. Chief Judge Lee’s opinion favors affirming the award and emphasizes the weight that should be given to certain evidence in support of a change in custody. He also suggests that if the evidence is insufficient to support a material-change finding, then this case is so unusual and compelling that the general rules set out above should be disregarded in favor of an overall best-interests-of-the-minor determination as occurred in Riley v. Dorner, 677 So.2d 740, 745 (Miss.1996).
¶ 17. Judge Barnes favors reversing and rendering the judgment, finding that the evidence is insufficient to support a modification and that custody should remain with Dawn.
¶ 18. Because the required findings were not made by the chancellor as our supreme court has directed, this Court must reverse and remand her judgment. On remand, the chancellor should make such findings and hold such hearings as may be necessary in light of the time that has passed since custody of the child was changed. Ashley is now sixteen years old and has been living with her father in Mississippi for almost two years. The chancellor should consider the present circumstances as well as those existing when the original decision to change custody was entered.
3. Attorney’s Fees
¶ 19. Dawn briefly asserts that she should be awarded attorney’s fees on appeal. The chancellor held that each party would be responsible for their respective attorney’s fees. “Attorney[’s] fees are not normally awarded in child custody modification actions.” McCraw v. Buchanan, 10 So.3d 979, 985 (¶ 24) (Miss.Ct.App.2009) (quoting Mixon v. Sharp, 853 So.2d 834, 841 (¶ 32) (Miss.Ct.App.2003)). Since attorney’s fees were not awarded by the chancellor, we will not grant them on appeal. See Rankin v. Bobo, 410 So.2d 1326, 1329 (Miss.1982). Therefore, we decline to award attorney’s fees in this matter.
¶ 20. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS AFFIRMED IN PART AS TO JURISDICTION AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
*75 ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. LEE, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CARLTON, J. BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY IRVING AND GRIFFIS, P.JJ.