LEE, C.J.,
for the Court:
¶ 1. This case concerns whether Mississippi is a minor child’s home state, allowing a Mississippi court to make a child-custody determination pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). See Miss. Code Ann. §§ 93-27-101 to 402 (Rev.2013).
*127 PROCEDURAL HISTORY
¶ 2. On February 17, 2012, Michael Thomas McQueen, the father of the child in question, filed a complaint in the Jackson County Chancery Court to establish paternity, child custody, and other relief. Meeae Evelina Jones, the mother of the minor child, subsequently filed a motion to dismiss for lack of jurisdiction. After a hearing in which testimony was heard regarding the residence of the child, the chancellor entered a temporary order awarding Jones custody of the child. The chancellor set visitation for McQueen and ordered him to pay $60 per week in child support. Jones filed a notice of appeal from the temporary order.
¶ 3. A trial was set for November 7, 2012, at which time the parties entered into an agreed judgment as to paternity, custody, and visitation. In this judgment, the chancellor ordered both parties to submit authority regarding the application of the UCCJEA. On November 29, 2012, the chancellor entered an order nunc pro tunc to March 27, 2012, finding Mississippi was the minor child’s home state; thus, he had jurisdiction to decide custody. Jones now appeals, asserting the chancellor did not have jurisdiction over the child pursuant to the UCCJEA.
FACTS
¶ 4. Jones and McQueen were in a relationship when Jones became pregnant. Jones gave birth to the couple’s son on June 4, 2011, in Mobile, Alabama. At the time of his son’s birth, McQueen resided in Moss Point, Mississippi. Jones lived at her parents’ house in Irvington, Alabama, but moved into McQueen’s home prior to the birth of their son. McQueen stated Jones moved out of his house in November 2011 for two weeks, but moved back into his house until January 2012 when she and the baby moved back to her parents’ home in Alabama. Jones stated she moved out of McQueen’s house in August 2011 but came back to Mississippi the next week. Jones admittedly lived with McQueen half the time and her parents the other half, mainly because she was enrolled in a school near her parents’ house. Jones spent the holidays with McQueen in Mississippi. Jones had an Alabama driver’s license. Jones did acknowledge moving her possessions out of McQueen’s home in January 2012 when the couple ended their relationship.
STANDARD OF REVIEW
¶ 5. We review de novo questions concerning whether a chancellor has jurisdiction under the UCCJEA to hear a child-custody dispute. Clifton v. Shannon, 93 So.3d 70, 72 (¶ 7) (Miss.Ct.App.2012). “However, the factual findings underpinning the jurisdiction question are reviewed under the familiar substantial evidence and abuse of discretion standard.” Id. (citation omitted).
DISCUSSION
¶ 6. According to Mississippi Code Annotated section 93-27-201(l)(a) (Rev. 2013):
[A] court of this state has jurisdiction to make an initial child custody determination only if:
This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state[.]
Mississippi Code Annotated section 93-27-102(g) (Rev.2013) defines “home state” as “the state in which a child lived with a parent or a person acting as a parent for *128 at least six (6) consecutive months immediately before the commencement of a child custody proceeding.... A period of temporary absence of any of the mentioned persons is part of the period.”
¶ 7. After hearing testimony concerning the residence of the child, the chancellor determined Mississippi was the home state of the child. The chancellor noted the child had lived in Mississippi since his birth in June 2011 until January 2012. Although the child had been absent from Mississippi since the end of January 2012, McQueen had remained in Mississippi. The record contains substantial evidence to support the chancellor’s determination. We find the chancellor had jurisdiction to hear the child-custody dispute. This issue is without merit.
¶ 8. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.