LEE, C.J.,
for the Court:
¶ 1. This case concerns whether a chancery court erred in finding a Canadian court had jurisdiction over a child-custody matter.
FACTS AND PROCEDURAL HISTORY
¶ 2. John Oliver Hersey and Cindy Teresa Hersey Gratton filed for divorce in the Alcorn County Chancery Court in October 2010. The chancellor, Judge Jacqueline Mask, granted a divorce by order entered December 14, 2010. The parties were awarded joint legal and joint physical custody of the children, with Gratton to have primary care, custody, and control of the children while in Canada. Gratton subsequently moved to Chatham, Ontario, Canada, with the couple’s two minor children. The record indicates this move was to be temporary. On March 22, 2011, Gratton filed a motion in the Ontario Court of Justice to change Hersey’s visitation as set by Judge Mask.
¶ 3. Shortly after Gratton filed her motion in the Ontario Court of Justice, Hersey filed a motion in the Alcorn County Chancery Court for contempt and modification of child custody. Hersey alleged Gratton had denied him visitation with the minor children. On May 24, 2011, an agreed order was entered in which the parties were to have joint legal custody of the children, regardless of the children’s location. Gratton also admitted she was in contempt by refusing to allow Hersey visitation with the children.
¶ 4. On December 1, 2011, Gratton filed a motion in the Superior Court of Justice, also in Ontario. In this motion, Gratton requested a custody modification and that Hersey’s visitation scheduled be modified. There was some indication that Gratton was unable to return to the United States. As a result, Hersey filed another motion in the Alcorn County Chancery Court requesting immediate return of the children to the United States as well as a custody modification. Hersey also asked the chancellor to hold Gratton in contempt.
¶ 5. After a hearing on February 22, 2012, at which neither Gratton nor her attorney appeared, Judge Mask found Gratton to be in contempt and ordered Gratton to pay Hersey’s attorney’s fees. Judge Mask granted Hersey temporary physical custody of the children until a hearing scheduled for June 5, 2012. Judge Mask appointed a guardian ad litem (GAL) to represent the children’s interests. The hearing scheduled for June 5 was continued until August 17, 2012, at which time a telephonic conference was conducted between Judge Mask, Justice John A. Desotti of the Superior Court of Justice in Ontario, the GAL, Hersey’s *1087 counsel in Mississippi and in Canada, and Gratton’s attorney in Canada. After discussion, the parties were given until September 14, 2012, to reach a resolution regarding all matters between the parties.
¶ 6. Ultimately, Judge Mask issued an order on October 31, 2012, nunc pro tunc to August 17, 2012, finding the Superior Court of Justice had jurisdiction over the visitation issues, and stayed enforcement of prior findings of contempt against Grat-ton. Hersey subsequently filed a motion to set aside Judge Mask’s order. Judge Mask denied Hersey’s motion, finding that there was no evidence Gratton committed fraud upon the court, and that jurisdiction was proper in the Ontario court. Judge Mask did schedule another conference with the Ontario court to clarify certain matters.
¶ 7. Judge Mask issued a final order on January 3, 2013, recognizing jurisdiction was proper in the Ontario Court. The remainder of Judge Mask’s order contains the entirety of Justice Desotti’s final order, in which custody of the children was granted to Gratton while the children resided with Gratton in Ontario. Hersey and Gratton were granted joint custody of the children while Hersey was exercising his visitation in Canada and in the United States. This order also set visitation and vacated the findings of contempt against Gratton. Hersey now appeals, arguing jurisdiction was proper in Alcorn County and the GAL’s investigation was not complete.
STANDARD OF REVIEW
¶ 8. “Whether a court had jurisdiction under the [Uniform Child Custody Jurisdiction and Enforcement Act] to hear a child-custody dispute is a question of law, which we review de novo.” Miller v. Mills, 64 So.3d 1023, 1026 (¶ 11) (Miss.Ct.App.2011) (citation omitted). “However, the factual findings underpinning the jurisdiction question are reviewed under the familiar substantial evidence and abuse of discretion standard.” Clifton v. Shannon, 93 So.3d 70, 72 (¶ 7) (Miss.Ct.App.2012).
DISCUSSION
I. JURISDICTION
¶ 9. We first note that Gratton has failed to file a brief in this matter. The Mississippi Supreme Court has stated:
Failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of [the] appealing party, that there was no error. Where the appellant’s brief makes out an apparent case of error ..., we do not regard it as our obligation to look to the record to find a way to avoid the force of the appellant[’s] argument.
Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984) (internal citations omitted). While automatic reversal is not required in cases where the appellee does not file a brief, “[t]he appellant’s argument should at least create enough doubt in the judiciousness of the trial court’s judgment that this Court cannot say with confidence that the case should be affirmed.” Selman v. Selman, 722 So.2d 547, 551 (¶ 13) (Miss.1998) (internal quotation omitted). Upon review of the record, we can say with confidence the chancellor’s decision should be affirmed.
¶ 10. Hersey contends the Alcorn County Chancery Court had initial jurisdiction at the time of the original hearing in December 2010; thus, the chancery court erred in allowing the Ontario court to assume jurisdiction.
¶ 11. Under the Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA), only one court may assert jurisdiction after an initial custody order has been *1088 entered. See Miss.Code Ann. § 93-27-201 (Rev.2013). A court issuing an initial determination has continuing jurisdiction over the parties; no other court may modify the decree. Id. However, a court with continuing jurisdiction may decline to modify custody if another court is a more appropriate forum. See Miss.Code Ann. § 93-27-207(1) (Rev.2013). Section 93-27-207(1) further states the following: “The issue of inconvenient forum may be raised upon motion of a party, the court’s own motion, or request of another court.”
¶ 12. In this instance, Judge Mask determined the following:
Based upon the length of time the children have resided in Canada, which was anticipated in the parties’ divorce agreement previously approved herein, the Court finds Ontario has become their home state for purposes of application of the UCCJEA herein, and that Ontario has become the more convenient forum for determination of their custody.
Judge Mask further noted Hersey’s failure to object during the telephonic hearing when she recognized the Ontario court as the proper forum for determination of issues regarding custody and visitation. Judge Mask further stated, “It was undisputed in the telephonic conference this Court should recognize the Ontario court as the proper forum, and because of the unique circumstances in this case, should enter an order reciprocating the child visitation ... arrangements coordinated in the Ontario court to facilitate [Hersey’s] access to the children.” Upon review of the record and Judge Mask’s detailed findings, we can find no error in her decision that the Ontario court was the proper forum to determine custody issues.
¶ 13. Hersey further argues Grat-ton submitted to the Alcorn County Chancery Court’s jurisdiction; thus, jurisdiction was only proper in Alcorn County. However, as previously stated, section 93-27-207(1) states that “[t]he issue of inconvenient forum may be raised upon motion of a party, the court’s own motion, or request of another court.” From a close reading of the record, it appears both parties, Judge Mask, and Justice Desotti came to an agreement regarding jurisdiction— namely that the Ontario court was the proper forum. This argument is without merit.
¶ 14. Hersey also contends Judge Mask based her opinion on facts not in evidence. Hersey claims Judge Mask relied upon orders from the Ontario court that were not introduced into evidence or certified. However, these orders Hersey complains of were filed as exhibits with his petitions for relief. Additionally, these orders were marked for identification and received into evidence during the hearing before Judge Mask on February 22, 2012. This argument is without merit.
II. GAL
¶ 15. Hersey argues the GAL failed to properly represent the children’s interest. The record does not contain a final report from the GAL, nor does it indicate there was a final report issued by the GAL. However, Hersey did not raise this issue before the chancellor, and he is procedurally barred from asserting it for the first time on appeal. See Wilburn v. Wilburn, 991 So.2d 1185, 1191 (¶ 14) (Miss.2008).
¶ 16. THE JUDGMENT OF THE AL-CORN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. *1089 BARNES, J., CONCURS IN RESULT ONLY. JAMES, J., NOT PARTICIPATING.