# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01063-COA

ZELLEN SMITH                                                        APPELLANT

v.

JESSIE BANKS, JR.                                                     APPELLEE

DATE OF JUDGMENT:              09/16/2021
TRIAL JUDGE:                   HON. GEORGE WARD
COURT FROM WHICH APPEALED:     ADAMS COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        CHARLES E. MILLER
ATTORNEY FOR APPELLEE:         JESSIE BANKS JR. (PRO SE)
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
DISPOSITION:                   AFFIRMED - 11/15/2022
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     On September 16, 2021, the Adams County Chancery Court entered an order dismissing Zellen Smith's "Petition for Child Custody, Support And Other Relief" against Jessie Banks Jr. for lack of jurisdiction. Aggrieved by the chancery court's decision, Smith appealed.[1]

## FACTS AND PROCEDURAL HISTORY

¶2.     On August 9, 2021, Smith filed a petition against Banks for child custody and support for her eight-year-old son J.B.[2] Smith and Banks had never been married, and there was no

---

[1] Banks did not file an appellee's brief on his behalf.

[2] Initials have been used to protect the identity of the minor child.

litigation concerning J.B.'s paternity, custody, or support before this case. In her petition, Smith claimed that she was an adult resident of Adams County, Mississippi, and that J.B. had lived with her since birth. According to Smith, J.B. had a "fixed place of residence" in her home in Adams County.

¶3. On August 20, 2021, Banks filed his "Answer to Petition for Child Custody, Support and Other Relief, Motion to Dismiss, and in the alternative, Counter-Petition to Establish Paternity, Custody, Child Support, Emergency Temporary Custody and Other Relief." As his first defense to Smith's petition, Banks claimed that jurisdiction and venue were improper because Mississippi was not J.B.'s home state pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). *See* Miss. Code Ann. § 93-27-201 (Rev. 2021). Contrary to Smith's petition, Banks claimed that J.B. had lived with him in Vidalia, Louisiana, for his entire life, and therefore Louisiana was J.B.'s home state for the purpose of jurisdiction and venue of Smith's petition for custody and support.

¶4. Prior to the start of the custody hearing on September 15, 2021, Banks' attorney made his objection to jurisdiction. The chancery court agreed to take up the jurisdiction question first. Both parties testified, as well as Banks' mother, Wanda Banks, and Smith's sister, Jessie Jones. After hearing testimony regarding J.B.'s daily care, school records, and sources of state government assistance, the chancery court determined that Louisiana was J.B.'s residence as Banks had claimed in his answer. For that reason, the chancery court entered an order on September 16, 2021, dismissing Smith's petition for lack of jurisdiction. On September 17, 2021, Smith filed her notice of appeal.

## STANDARD OF REVIEW

¶5.    "Whether a court had jurisdiction under the UCCJEA to hear a child-custody dispute is a question of law, which we review de novo." *Miller v. Mills*, 64 So. 3d 1023, 1026 (¶11) (Miss. Ct. App. 2011). "However, the factual findings underpinning the jurisdiction question are reviewed under the familiar substantial evidence and abuse of discretion standard." *Clifton v. Shannon*, 93 So. 3d 70, 72 (¶7) (Miss. Ct. App. 2012).

## ANALYSIS

¶6.    Smith argues that the chancery court erred in finding that it lacked jurisdiction over her petition for child custody, child support, and other relief and therefore erred in dismissing her petition. Further, Smith argues that "the father of the child made unfounded allegations against the mother in order to secure an ex parte order of temporary custody in the State of Louisiana." Finally, Smith argues that it is in the best interest of the child that she be granted legal custody.

¶7.    The paramount issue to be considered is whether the Mississippi court had jurisdiction over Smith's petition pursuant to section 93-27-201 of the UCCJEA. The UCCJEA states in part:

> (1) Except as otherwise provided in Section 93-27-204, a court of this state has jurisdiction to make an initial child custody determination only if:
>
>> (a) This state is the **home state of the child** on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>>
>> (b) A court of another state does not have jurisdiction under

3

paragraph (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 93-27-207 or 93-27-208; and:

> (i) The child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

> (ii) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(c) All courts having jurisdiction under paragraph (a) or (b) of this subsection have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to dermine the custody of the child under Section 93-27-207 or 93-27-208; or

(d) No court of any other state would have jurisdiction under the criteria specified in paragraph (a), (b), or (c) of this section.

(2) Subsection (1) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

(3) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

Miss. Code Ann. § 93-27-201 (emphasis added). Only subsection (1)(a) is applicable in this case. Further, Mississippi Code Annotated section 93-27-102(g) (Rev. 2021) defines "home state" for the purposes of the UCCJEA as

the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six (6) months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

4

¶8. In this case, Banks testified that J.B. had been in his custody and care in Louisiana since birth. He further testified that J.B. had been enrolled in school in Louisiana since the 2017-2018 school year. Banks attached to his answer a student enrollment history form from Vidalia Elementary School and a letter from the school's assistant principal showing that J.B. had been enrolled at Vidalia Elementary School beginning in pre-kindergarten and continuing through second grade. Banks' aunt, Brandi Small, provided an affidavit stating that during COVID-19, she oversaw J.B.'s education through Vidalia Elementary School's virtual education program. Banks also attached a letter from the Louisiana Department of Health showing that J.B. was receiving Medicaid benefits from the State of Louisiana. Banks' mother, Wanda Banks, corroborated her son's testimony that J.B.'s home state was Louisiana and more specifically testified that Banks and J.B. lived with her at 447 Concordia Park Drive in Vidalia, Louisiana. According to Banks, Smith took J.B. from his home in Louisiana on August 1, 2021, less than one month before the custody hearing, and immediately enrolled him in school in Mississippi. Nothing in the record indicates that J.B. had been registered or enrolled in a Mississippi school before August 1, 2021.

¶9. According to Smith, J.B. lived with her in Mississippi in her care and custody. Smith did not dispute that J.B. previously had been enrolled in school in Louisiana; however, she recently enrolled him in school in Mississippi where he had been in school for the past two or three weeks before the custody hearing. Smith testified that she previously had lived with Banks and J.B in Vidalia, Louisiana, and also in Baton Rouge, Louisiana. More specifically, she testified that she had lived at the 447 Concordia Park Drive address that Banks claimed

was J.B.'s resident address. But according to Smith, she had lived in Mississippi consistently since 2018, and she is an Adams County resident. Smith did not produce any documents such as school, extracurricular, or medical records or enrollment forms that would suggest that J.B. was a resident of Mississippi or had any other significant connection with Mississippi. However, the record reflects that J.B. was receiving Medicaid benefits from both Mississippi and Louisiana.

¶10. At the conclusion of the hearing in this matter, the chancery court found it lacked jurisdiction under the UCCJEA. More specifically, the court reasoned:

> So this is an initial child custody determination. So the Court would have to make a finding to take jurisdiction under these facts is that this child's home state for six months before filing on August the 9th, and the best evidence of that for me is where the child has been enrolled in school. You have to be a Louisiana resident to be enrolled in the school system in the State of Louisiana, just like you have to be a Mississippi resident to be enrolled in the Mississippi schools. He's been – for his entire school career, he's been enrolled in the State of Louisiana. So, ma'am, you're either lying when you enrolled your kid in Louisiana, or you're lying today. It's one of the two. It can't be both. He can't be a student in Vidalia and be a resident of Mississippi. So that's the best evidence to support the child's home state is where he's been enrolled in school, and more important than that is that's where all the child's records will be is in the State of Louisiana. So that would be the more appropriate for[um] for child custody determination. And so the Court is going to decline jurisdiction under the UCCJEA inasmuch as the child's home state is the State of Louisiana, and the only contact he has with the State of Mississippi is where the mother lives, and that's not – I mean, the statute specifically says it doesn't matter where the parent lives; its where the child lives.

Similarly, in *Jundoosing v. Jundoosing*, 826 So. 2d 85, 88-89 (¶12) (Miss. 2002), the Mississippi Supreme Court upheld a chancery court's decision to retain jurisdiction in part because of a minor children's school records and enrollment in Mississippi's Medicaid

program. Given the evidence presented by Banks in support of his motion to dismiss for lack of jurisdiction, specifically J.B.'s school enrollment history in Louisiana, Banks' motion to dismiss was properly granted. Because we find no error in the chancery court's decision to dismiss for lack of jurisdiction, all other arguments set forth by Smith are moot.

## CONCLUSION

¶11. After reviewing the record, we find no error, and the chancery court's order of dismissal is affirmed.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**